IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF
DEFENDANTS HOUSTON COUNTY BOARD OF COMMISSIONERS,
STALNAKER, WALKER, ROBINSON, THOMSON, MCMICHAEL,
HOLLAND, DUNBAR, AND CARTER'S
MOTION TO DISMISS**

COME NOW Defendants Houston County Board of Commissioners ("Board") and

Defendants Stalnaker, Walker, Robinson, Thomson, McMichael, Holland, Dunbar, and

Carter, in their individual capacities ("Individual Defendants"), and, in accordance with

Local Rule 7.3, M.D. Ga., submit the following Reply in Support of their Motion to

Dismiss.

Plaintiff asserted each of her claims against "Defendants" collectively, not

identifying in the pleading which Defendants allegedly engaged in which unlawful action.

(Complaint, ¶¶ 114, 117, 119, 123-24, 131-133, 136-38.) The Board and the Individual

Defendants moved to be dismissed from this action because they are not proper defendants

to Plaintiff's claims. Plaintiff's arguments in her Response fail to rebut the positions laid

out in the Board's and Individual Defendants' motion and principal brief. Accordingly, all

claims against them should be dismissed for the following reasons:

- To the extent it can be sued as an entity, the Board is redundant to the County as a Defendant.

- There is no basis to hold the Individual Defendants liable under Title VII or the ADA, in either their individual or official capacities.

- Plaintiff's state law Equal Protection claim, while now styled against the Individual Defendants in their individual capacities, amounts to a claim against the County as the real party in interest – the Individual Defendants, in their own rights, cannot deliver the relief Plaintiff seeks.

- The Individual Defendants are entitled to qualified immunity on Plaintiff's federal Equal Protection claim, which immunity applies to *litigation* and not just claims for damages, as well as legislative immunity.

## I.     **The Board Should be Dismissed.**

As addressed in Defendants' principal brief,  in Georgia, it has long been established that actions against a county must name the county as a defendant.  See Comm'rs of Rds. & Revenue of Houston Cty v. Howard, 59 Ga. App. 451, 1 S.E. 2d 222 (Ga. Ct. App. 1939). See also Merritt v. Dixon, 222 Ga. 432, 150 S.E. 2d 644 (1966).  Where, as here, Plaintiff has sued the County, Defendants submit that her actions against the Board of Commissioners are improper, as the board "is simply the county's governing body and therefore cannot be sued separately."  Abusaid v. Hillsborough Cty Bd. of Cty Comm'rs, 405 F. 3d 1298, 1302 n. 3 (11th Cir. 1992).  While Plaintiff criticizes Defendants' reliance on Abusaid because it was decided under Florida law, Georgia courts consistently apply it for the proposition that the Board is redundant to the County.  Brown v. SunTrust Morg.,

Inc., 2:12-cv-00120-RWS, 2012 WL6591702, at*6 (N.D. Ga. Dec. 18, 2012); Thomas v. Cobb County Sheriff's Dept., 1:06-cv-1883-JEC; 2010 WL 431468, at *6, n. 2 (N.D. Ga. Feb. 4, 2010).

## II.    The Individual Defendants Are Entitled to Dismissal of Plaintiff's Title VII and ADA Claims.

The Individual Defendants established in their principal brief that there is no individual liability under Title VII or the ADA. (Doc. 29-1, pp. 5-6.) In her Omnibus Response, Plaintiff concedes that the Individual Defendants are relieved of liability in their *individual* capacities, but maintains that dismissal is nevertheless unwarranted in their *official* capacities. (Doc. 41, p. 37.)[1] This argument is inapposite for two reasons. First, the Individual Defendants are sued in their official capacities as elected or management officials of the *County*, not the *Sheriff's Office*. Thus, they are still associated with an entity that is not Plaintiff's employer. (This argument is further addressed in Section II of the County's Reply in Support of its Motion for Judgment on the Pleadings.) Second, even if the County could be seen as Plaintiff's employer, the inclusion of the Individual Defendants – even in their official capacities – would be duplicative of the County as a defendant. Gonser v. Twiggs County, 182 F. Supp. 2d 1253, 1256 (M.D. Ga. 2002) (dismissing official capacity claims brought against county commissioners as redundant of claims against county).

---

[1] Defendants' citations to Plaintiff's Response, and other filed documents, are to the pagination at the top of the page in the Court's filing legend.

In fact, in <u>Robinson v. Smith</u>, 2015 WL 4193269, at *2 (M.D. Ga. July 10, 2015), cited by Plaintiff, the court plainly declared that a student's ADA claims against school officials in their individual capacities must be dismissed at the Rule 12 stage. Moreover, the court amended the complaint to recast the official capacity claims as being asserted against the school system. <u>Id.</u>, at *5. To streamline the pleadings and parties, the Court here should recognize the same distinctions. The Individual Defendants should be dismissed in their *individual* capacities, as Plaintiff concedes, because there is no individual liability under Title VII or the ADA. And the Individual Defendants in their *official* capacities should be dismissed as duplicative of the claims against the County under <u>Gonser</u> and <u>Robinson</u>. Accordingly, Defendants request that the Individual Defendants be dismissed entirely as to Plaintiff's Title VII and ADA claims.

## III. <u>The Individual Defendants Are Entitled to Dismissal of Plaintiff's State Law Equal Protection Claim.</u>

### A. There is No Cause of Action under the Equal Protection Clause of the Georgia Constitution.

The Board and Individual Defendants seek the dismissal of Plaintiff's equal protection claim under the Georgia Constitution on the grounds that Georgia law does not recognize a cause of action for such claims. <u>See</u> <u>Dixon v. Ga. Dept. Pub. Safety</u>, 135 F. Supp. 3d 1362, 1371-72 (S.D. Ga. 2015) (Georgia has "no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts. Thus, plaintiffs have failed to state a claim … under the Georgia Constitution." (Citation omitted.)); <u>State Bd. Of Educ. v. Drury</u>, 263 Ga. 429, 433-34 (1993) ("[n]either the trial court nor this court is free to fashion a Bivens remedy under state law."). <u>See</u> <u>also</u> <u>Davis</u>

-4-

v. Standifer, 275 Ga. App. 769, 772 n.2 (2005); Howard v. Miller, 476 S.E. 2d 636, 659 (Ga. Ct. App. 1996); Benjamin v. Thomas, No. 1:16-cv-1632-WSD, 2016 WL 5394118, at *5 (N.D.Ga. Sep. 27, 2016).

Plaintiff contends, however, that the lack of any Georgia law equivalent to Section 1983 or the Supreme Court's Bivens decision is "irrelevant and a red herring," inasmuch as "she is pursuing a direct claim expressly afforded her by the text of the Georgia Constitution." (Doc. 41, p.30)  In support of this "expressly afforded" right of action, Plaintiff curiously cites to the 1991 amendment to the Georgia Constitution which elevated the defense of "official immunity" to constitutional status.  Far from creating a heretofore non-existent cause of action under the Georgia Constitution, this provision merely re-states the continued validity of the long-established exception to official immunity when claims are asserted against public officials (1) who are negligent in the performance of their ministerial duties or (2) who act with actual malice or with an actual intent to cause harm in the performance of their discretionary functions.  See Ga. Const. of 1983, Art. I, Sec. II, Par. IX(d).  This provision, even in maintaining these narrow exceptions, actually serves to limit causes of action that otherwise could be asserted against public officials; it does not recognize – and certainly does not authorize – causes of action for alleged violations of the Georgia Constitution.  Plaintiff's equal protection claim under the Georgia Constitution is due to be dismissed on these grounds alone.

**B.     Plaintiff's State Law Equal Protection Claim Against the Individual Defendants Is Barred by Official Immunity.**

While conceding that sovereign immunity bars her Georgia law equal protection claim insofar as she has asserted it against the County (as well as the Board and the Individual Defendants in their official capacities), Plaintiff continues to insist that the claim remains viable against the Individual Defendants in their individual capacities to the extent she has asserted it against them for declaratory and injunctive relief.  (Doc. 41, p. 31.)  In the context of this case, where the nature of the prospective relief sought from the Individual Defendants is identical to that sought from the County, this is not correct.

Plaintiff's argument that official immunity poses no bar to a claim asserted against a public official in his or her individual capacity is based on the Georgia Supreme Court's recent decision in Lathrop v. Deal, 301 Ga. 408, 414, 801 S.E.2d 867, 873 (2017).  In Lathrop, the Court observed that "official immunity *generally* is no bar to claims against state officers in their individual capacities for injunctive and declaratory relief from the enforcement of laws that are alleged to be unconstitutional, so long as the injunctive and declaratory relief is only prospective in nature."  Lathrop, 301 Ga. at 434-35.[2]  In so observing, the Court analyzed the history of sovereign immunity in Georgia in great detail, ultimately concluding that the current state of the doctrine, while now elevated to

---

[2] Notably, although the Lathrop Court devoted a substantial portion of its decision to the discussion of official immunity, this entire discussion is dicta, as all individual defendants in that case were sued exclusively in their *official capacities* and, therefore, the issue of official immunity was not before the Court.  Lathrop, 301 Ga. at 425. See Zepp v. Brannen, 283 Ga. 395, 397 (2008) (dicta lacks precedential force because it is merely a statement concerning some rule of law or legal proposition not involved nor essential to determination of the case).

constitutional status, "applies today just as it applied at common law." Id. at 425. This is significant because, as the Court also noted under Georgia common law, a plaintiff could not circumvent sovereign immunity by asserting a claim against a public official in his *individual* capacity for what are clearly *official* acts. See id. at 414 ("[Sovereign immunity] cannot be evaded by making an action *nominally* one against the servants or agents of a State, when the real claim is against the State itself.") (emphasis added); see also id. at 415 ("[If] the sole relief is relief against the State officer [in his or her individual capacity], it is maintainable;" however, relief sought against public officials in their individual capacities where "*the State itself [is] the real party in interest*" are barred) (emphasis added).

In the present case, as noted above, the prospective relief Plaintiff seeks from the County is *indistinguishable* from that sought against the Individual Defendants in their individual capacities. Indeed, such relief, if granted, would indisputably compel the Individual Defendants to take actions relating to a County contract, in the specific context of approving payment for significant medical procedures involving the disposition of funds in the County's treasury. See Musgrove v. Ga. R. & Banking Co., 204 Ga. 139, 154–155 (1948) (cited by Lathrop, 301 Ga. at 414) ("Whether or not, in view of other references in the petition after such amendment [to strike reference to the defendant in his representative capacity as State Revenue Commissioner], it could be said that the petition as amended is in name a suit against the defendant solely in his individual capacity, is immaterial, if upon a consideration of the petition as a whole, including the relief which it seeks, it appears that

the action is in reality a suit against the State, brought without its consent.").[3]  Accordingly,

whether characterized as sovereign immunity or official immunity, Plaintiff's claims under

the Georgia Constitution for prospective injunctive and declaratory relief against the

Individual Defendants in their individual capacities are barred.

## IV.  Plaintiff's Section 1983 Claim Against the Individual Defendants Is Barred by Immunity.

### A.    The Individual Defendants Are Entitled to Qualified Immunity

The Individual Defendants seek dismissal of Plaintiff's Section 1983 claim on the

grounds of qualified immunity.  In support of this aspect of their Motion to Dismiss, the

Individual Defendants demonstrated that their alleged actions (i.e., their respective roles in

the decision-making process associated with coverage exclusions under the County's

health plans) fell within their discretionary authority and that Plaintiff is unable to establish

that the alleged "illegality" attributed to the act of any given Individual Defendant was

clearly established. (Doc. 29-1, pp. 10-11.)  Plaintiff has failed to rebut this showing or

otherwise overcome the presumption of qualified immunity to which the Individual

Defendants are entitled.  See Glenn v. City of Columbus, 375 Fed. App'x 928, 931 (11th

Cir. 2010).

Plaintiff initially attempts to deprive the Individual Defendants of their entitlement

to qualified immunity by misleadingly arguing that the defense applies only to claims for

---

[3] In Musgrove, the Georgia Supreme Court held that where the plaintiff was "seeking to enforce what it claim[ed] to be a contract with the State of Georgia," the State, "as a corporate entity, ha[d] a distinct and direct interest in the subject matter of the litigation, as distinguished from its mere governmental interest in the enforcement of its law for the general welfare"). Id. at 157.

damages and not to claims seeking prospective injunctive relief. (Doc. 41, p. 11.)[4] In truth, qualified immunity has always been intended to protect government officials in the performance of discretionary functions from the burdens of *litigation* – not just from liability for *damages*. See Harlow v. Fitzgerald, 457 U.S. 800, 816-17 (1982) (holding that qualified immunity protects public officials, not just from "liability for money damages, [but also from] the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."). See also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability.").

Moreover, while there is clear authority holding that claims asserted against *state* officials in their individual capacities are permissible in certain circumstances where the plaintiff is seeking only declaratory and/or injunctive relief, those cases involve Eleventh

_____

[4] In support of this proposition, Plaintiff primarily relies on dicta from the Supreme Court in Pearson v. Callahan, 555 U.S. 223, 243 (2009), in which the Court preemptively addresses any "misgivings" about its actual holding in the case by listing "cases in which [qualified immunity is not available], such as criminal cases and § 1983 cases against a municipality, as well as § 1983 cases against individuals where injunctive relief is sought instead of or in addition to damages." Pearson, 555 U.S. at 242-43. For this proposition, the Pearson Court cites only County of Sacramento v. Lewis, 523 U.S. 833 (1998), in which the Court employs the same list to make the same point. See Lewis, 523 U.S. at 841, n. 5. The Lewis Court, in turn, cited a law review article for this proposition; i.e., Shapiro, Public Officials' Qualified Immunity in Section 1983 Actions Under Harlow v. Fitzgerald and its Progeny, 22 U. Mich. J.L. Ref. 249 (1989). A review of the cited portion of this article reveals, however, that the author referenced only "§ 1983 injunctive actions," not "§ 1983 cases against individuals where injunctive relief is sought." See Shapiro, 22 U. Mich. J. L. Ref. at 265, n. 109 ("New [constitutional] rights could be established in a number of ways, including § 1983 injunctive actions; actions against municipalities, which cannot claim immunity, … actions against private parties who have conspired with government officials, … and as defenses to criminal actions ….") (citations omitted.).

Amendment immunity which is *not* at issue here.  See Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 269 (1997).  In the context of qualified immunity – which is at issue here – injunctive relief cannot be sought against a public official in his individual capacity "if the act [the plaintiff seeks to compel] must be in his official capacity to have official consequences."  Evans v. Bayer, 684 F. Supp. 2d 1365, 1369 (S.D. Fla. 2010) (citing Barrish v. Cappy, 2006 WL 999974, at *4 (E.D.Pa. Apr. 17, 2006) (court cannot grant injunctive relief to compel "an officer in his personal capacity to take an official act.")); see also Chandler v. Williams, 2013 WL 2489139, * 23 (D.Or. Jun. 7, 2013) ("Chandler … seeks only declaratory and injunctive relief [but] [s]uch relief is not available against Mills in his individual capacity 'if the act must be in his official capacity to have official consequences.'") (quoting Bayer, 684 F. Supp. 2d at 369).  In the present case, because there is no question that the injunctive and declaratory relief sought by Plaintiff could only affect the individual Defendants in their official capacities,[5] her contention that qualified immunity is not a valid defense to claims seeking such relief is without merit.[6]

---

[5] In the ad damnum clause of her Complaint, Plaintiff requests relief in the form of a declaration that "Defendants' adoption of the Exclusion violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Georgia Constitution's equal protection guarantee, Title VII of the Civil Rights Act, Title I of the ADA, and Title II of the ADA" and in the form of an injunction enjoining "Defendants from any further enforcement or application of the Exclusion, and from enforcing or applying the Health Plan or any future health plan in any discriminatory or unlawful manner against transgender individuals, individuals with gender dysphoria, or individuals seeking transition-related health care." (Complaint, p. 29.)

[6] As she does throughout her Response, Plaintiff references and then refutes an argument *never* made by Defendants.  In this instance, she asserts that "qualified immunity does not bar [her] claims against the Individual Defendants in their official capacities." (Doc. 41, p. 22.)  The Memorandum in Support of their Motion to Dismiss makes clear on

Next, Plaintiff makes a passing attempt at overcoming the Individual Defendants' qualified immunity defense by arguing that the constitutional right she alleges was violated by their acts was "clearly established" by Eleventh Circuit precedent. (Doc. 41, pp. 22-23.) In ostensible support for this contention, Plaintiff cites Glenn v. Brumby, 663 F. 3d 1312, 1320 (11th Cir. 2011) for the proposition that "the Equal Protection Clause prohibits government discrimination on the basis of someone's gender non-conformity." Far from satisfying her burden, however, this assertion constitutes precisely the type of broad legal truism which the Eleventh Circuit has consistently rejected as insufficient to overcome the presumption of qualified immunity. See Beckman v. Hamilton, 732 F. App'x 737, 740 (11th Cir. 2018).

Instead, to meet the "clearly established" standard, a broad statement of principle such as that relied upon by Plaintiff must establish with "obvious clarity" that "the unlawfulness [of the defendant's conduct is] apparent." Vinyard v. Wilson, 311 F.3d 1340, 1352-53 (11th Cir. 2002). Contrary to what she would have this Court conclude, Glenn does *not* contain any broad statement of principle clearly establishing that a transgender employee of one governmental entity has an equal protection right to excluded medical treatments for gender dysphoria under a health plan established and maintained by another governmental entity. See Barts v. Joyner, 865 F.2d 1187, 1190 (11th Cir. 1989) (plaintiff cannot discharge her burden simply by stating broad legal truisms; rather, she must prove the existence of a clear, factually-defined, well-recognized right of which a reasonable

---

its first page that the Motion to Dismiss was filed on behalf of the Individual Defendants in their individual capacities only.

public official would have known).  See also Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993); Beckman v. Hamilton, 732 F. App'x 737, 740 (11th Cir. 2018).

As the Individual Defendants noted in their principal brief, apart from the highly distinguishable prison/jail custody context, neither the Supreme Court nor the Eleventh Circuit has ever held that a health plan coverage exclusion adversely affecting transgender participants violates equal protection.  Indeed, the only Supreme Court precedent analyzing coverage exclusions uniquely affecting participants in a given protected classification expressly held that the exclusions did *not* violate equal protection.  See Geduldig v. Aiello, 417 U.S. 484, 497 (1974) (holding that coverage exclusion for pregnancy does not equate to sex discrimination under Equal Protection Clause).  Irrespective of whether Geduldig compels the same holding with respect to the Exclusion at issue in this case – which Defendants maintain it does – for qualified immunity purposes, it certainly demonstrates the lack of authority "clearly establishing" the equal protection claims asserted by Plaintiff herein.

The lack of controlling authority clearly establishing the specific constitutional right asserted by Plaintiff in this action is especially apparent when the unique circumstances presented by this case are taken into consideration; i.e., where the plaintiff is asserting constitutional rights under a healthcare plan established and maintained by a governmental entity other than her employer.  Notwithstanding Plaintiff's conclusory assertions to the contrary, it simply cannot be said that no reasonable county official in the Individual Defendants' place could have possibly believed that the Exclusion could be maintained without running afoul of constitutional standards.  To the contrary, given these unique

circumstances and the limited controlling legal precedent available, a reasonable county official easily could believe that maintaining the Exclusion would be lawful. See Foy v. Holston, 94 F.3d 1528, 1533-34 (11th Cir. 1996) ("[T]he basic qualified immunity question … [is whether] a reasonable [public official could] have believed that what the defendant did might be lawful in the circumstances and in the light of the clearly established law?").

Finally, in a last-ditch effort to overcome the Individual Defendants' entitlement to qualified immunity, Plaintiff attempts to attach significance to her allegations that they "were informed on multiple occasions by [Plaintiff], her attorney, and the County's third-party administrator … that the Exclusion was unlawful." (Doc. 41, p. 24.) This assertion has no application whatsoever to the qualified immunity analysis. "Whether an asserted federal right was clearly established at a particular time, so that a public official who allegedly violated the right has no qualified immunity from suit, presents a question of law, not one of 'legal facts.'" Elder v. Holloway, 510 U.S. 510, 516 (1994) (emphasis added). As such, none of this "evidence" cited by Plaintiff regarding what the Individual Defendants were allegedly told by her, by her attorney, or by the County's third party administrator compels any legal conclusions whatsoever – least of all any conclusions as to what constitutional rights are clearly established. See id. Indeed, as previously noted, a constitutional right can be "clearly established" for purposes of the qualified immunity analysis in one of three ways[7] – not one of which encompasses the sources cited by

---

[7] See Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir.2003) (holding that "only Supreme Court cases, Eleventh Circuit caselaw, and Georgia Supreme Court caselaw can 'clearly establish' law in this circuit").

Plaintiff. For this reason, as well as for the reasons set forth above and in their principal Brief, the Individual Defendants are entitled to qualified immunity from Plaintiff's Section 1983 claim and, as such, this aspect of their Motion to Dismiss should be granted.

### B.     The Individual Defendants Are Entitled to Legislative Immunity

The Individual Defendants also seek dismissal of Plaintiff's Section 1983 claim on the alternative grounds of legislative immunity.[8] In response, Plaintiff contends that the adoption and maintenance of a county health plan – including its coverage exclusions – is not a legislative act. (Pl. Resp., p. 14.) In so doing, Plaintiff dismisses the fact that a county's board of commissioners, as its governing, legislative authority, is the body exclusively authorized to take such action as a function of home rule. See Ga. Const., Art. IX, Sec. II, Para. I(f) ("The governing authority of each county is authorized to fix the salary, compensation, and expenses of those employed by such governing authority and to establish and maintain … insurance … and hospitalization benefits for said employees."). See also Savage v. City of Atlanta, 242 Ga. 671, 674-75 (Ga. Sup. Ct. 1978) (With regard to home rule, "[t]he generally accepted meaning of the phrase 'governing authority' … in reference to the operation of … county governments is a … board performing legislative functions ...." [Citations omitted.]).

---

[8] In an apparent attempt to influence the Court's perception of this defense, Plaintiff accuses the Individual Defendants of "baldly assert[ing]" their entitlement to legislative immunity." (Doc. 41, p.24) In truth, they devoted nearly three pages of their principal brief to the argument and cited over 15 cases in its support. Such dismissive tactics reveal a great deal about Plaintiff's ability to overcome the defense on its merits.

Moreover, as noted in the Individual Defendants' principal brief, even an employment decision affecting a single individual – which generally would be regarded as an executive or administrative decision – is entitled to absolute immunity "when … accomplished through traditional legislative functions such as policymaking and budgetary restructuring that strike at the heart of the legislative process." Id. (quoting Acevedo–Garcia v. Vera–Monroig, 204 F.3d 1, 8 (1st Cir. 2000)). Thus, contrary to what Plaintiff would have this Court conclude, absolute immunity attaches whenever the governmental act in question "reflect[s] a discretionary, policymaking decision implicating the budgetary priorities of the [local governmental body]." Id. (quoting Bogan v. Scott-Harris, 523 U.S. 44, 55-56 (1998). In the present case, the Board's adoption and maintenance of a county health plan – including its coverage exclusions – unquestionably meets this definition.

Plaintiff also argues that legislative immunity does not apply here, because "she is seeking relief from the discriminatory effects of the Exclusion." (Doc. 41, p.25) The applicability of legislative immunity, however, turns on the nature of the act at issue, not on the alleged motives of those involved in the act. See Scott v. Taylor, 405 F.3d 1251, 1256 n.7 (11th Cir. 2005) (allegedly improper motives are irrelevant in determining the applicability of legislative immunity); Macuba v. Deboer, 193 F.3d 1316, 1321 (11th Cir. 1999). See also Village of North Atlanta v. Cook, 219 Ga. 316, 319 (1963) (in considering legislative immunity, courts do not inquire into motives of local governing authority).

Accordingly, Plaintiff's Section 1983 claims against the Individual Defendants are subject to dismissal on the alternative grounds of legislative immunity as well.[9]

## V.    Conclusion

For each of the foregoing reasons, Defendant Houston County Board of Commissioners and Defendants Stalnaker, Walker, Robinson, Thomson, McMichael, Holland, Dunbar, and Carter, in their individual capacities, respectfully request that this Court grant their Motion and enter an appropriate Order dismissing Plaintiff's claims against them with prejudice.

Respectfully submitted, this 11th day of February, 2020.

*/s/ Sharon P. Morgan*
R. Read Gignilliat
Georgia Bar No. 293390
Sharon P. Morgan
Georgia Bar No. 522955
Patrick L. Lail
Georgia Bar No. 431101

ELARBEE, THOMPSON, SAPP &
    WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (facsimile)
gignilliat@elarbeethompson.com
morgan@elarbeethompson.com
lail@elarbeethompson.com

*Attorneys for Defendants*

---

[9] Plaintiff's argument that legislative immunity does not bar her ADA claim ignores the fact that Defendants have not raised legislative immunity as a defense to that claim. (Pl. Resp., p. 18.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| v. | ) | |
| | ) | |
| HOUSTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of the **REPLY IN SUPPORT OF DEFENDANTS HOUSTON COUNTY BOARD OF COMMISSIONERS, STALNAKER, WALKER, ROBINSON, THOMSON, MCMICHAEL, HOLLAND, DUNBAR, AND CARTER'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing, constitution service, to the following attorneys of record:

| | |
|---|---|
| Kenneth E. Barton, III | Wesley Powell |
| M. Devlin Cooper | Mary Eaton |
| | Jill K. Grant |
| | |
| David Brown | Kevin M. Barry |
| Noah E. Lewis | |

Respectfully submitted, this the 11th day of February 2020.

s/ Sharon P. Morgan
Sharon P. Morgan
Georgia Bar No. 522955

ELARBEE, THOMPSON, SAPP &
    WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
<u>morgan@elarbeethompson.com</u>

*Attorneys for Defendants*