IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, GEORGIA; and | ) | |
| Houston County Sheriff CULLEN | ) | |
| TALTON, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HOUSTON COUNTY'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER AND MEMORANDUM OF LAW

Defendant Houston County, Georgia (the "County") moves for reconsideration of one aspect of the Court's October 30, 2020 Order (Doc. 89) (the "Order") granting in part and denying in part Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 62).[1] In particular, the County seeks reconsideration of the Court's determination that the allegations of the Complaint are sufficient to establish that the County amounts to an agent of the Sheriff's Office (Plaintiff's employer) merely because the County administers benefits for Sheriff's Office employees. The County submits that this finding is inconsistent with established law and provides a substantial disincentive to those counties across the State to continue the common practice of providing benefits administration for independent

---

[1] In filing this Motion, the County is mindful that motions for reconsideration should not be a "routine practice." Local Rule 7.6, M.D.Ga. In keeping with this standard, the County has confined this Motion to a single issue; specifically, the inconsistency between the Order's agency finding and established law in the Eleventh Circuit.

constitutional officers (such as sheriffs, clerks of court, and constitutionally-elected judges) and their employees.

## I.      The Order's Findings

The Order addresses agency with the following findings: "Lange first argues that the County is an agent of the Sheriff's Office.  'Where the employer has delegated control of some of the *employer's traditional rights*, such as hiring or firing, to a third party, the third party has been found to be an "employer" by virtue of the agency relationship.'  Williams [v. Montgomery], 742 F.2d [586] at 589 [(11th Cir. 1984)].   Here, Lange alleged that the Sheriff's Office has chosen to delegate the provision of healthcare benefits to the County." (Doc. 89, p. 19 (emphasis added).)  In equating "the provision of healthcare benefits" with an "employer's traditional rights," the Order is inconsistent with applicable law.

## II.     Eleventh Case Law on Agency

The Order correctly recites the Williams standard of an "employer's traditional rights," such as hiring or firing, but then distends that standard to encompass what is *not* a traditional employer right – the Sheriff's use of the County's health insurance.   The Amended Complaint asserts this as the sole basis for its allegation of the County's agency status (Doc. 56, ¶¶ 76-78), while correctly attributing *actual* traditional employer rights to the Sheriff's Office – "In September 2006, the Sheriff's Office *hired* Sgt. Lange" and *promoted* her twice.  (Id., ¶ 36, emphasis added).

However, neither Williams nor related case law consider the mere administration of employee benefits as a "traditional right" of employers.  Williams involved an almost-wholesale delegation of a City's employer-related duties to a Personnel Board –

"establishing a pay plan, formulating minimum standards for jobs, evaluating employees, and transferring, promoting, or demoting employees. *These functions are traditionally exercised by an employer*, but the Board utilizes these powers in the instant case; and, therefore, the Board is an agent of the City for purposes of Title VII."  742 F.2d at 589 (emphasis added).  No such wholesale delegation – or *any* delegation other than with respect to pay and benefits administration – by the Sheriff's Office to the County is alleged here.

In fact, Judge Self of this District recently decided a case involving almost identical agency allegations and reached the opposite result.  In Childs v. Macon-Bibb County Ind'l Auth., CIVIL ACTION NO. 5:18-cv-00328-TES, 2020 WL 3130301 (M.D. Ga. June 12, 2020), Judge Self concluded that Macon-Bibb County was not an agent of an Industrial Authority under Title VII, despite the fact that it administered the Authority's payroll and benefits.  Specifically, Judge Self noted: "Here, there is nothing in the record to even remotely conclude that the Authority gave Macon-Bibb sufficient control of Childs' traditional employee rights.  To the contrary, *other than payroll and employee benefits*, as just discussed,[2] the Authority gave nothing to Macon-Bibb when it came to Childs' employment." Id., at *10.  Thus, consistent with the Eleventh Circuit's holding in Williams, Judge Self recognized the important distinction between traditional employer rights and the mere provision of payroll and benefits administration.  The Order's treatment of agency in the case of the County and the Sheriff's Office cannot be reconciled.

---

[2] On this point, the Court had previously observed: "Macon-Bibb's role, as it pertained to Childs' employment, consisted solely of issuing Childs a paycheck and administering healthcare and retirement benefits." Id., at *10. Likewise, these functions are the only functions alleged in the Amended Complaint to be handled by the County.  (Doc. 56, ¶¶ 76-78.)

The decisions of other district courts in this Circuit are in accord. For instance, the court in Zimmerman v. Cherokee County, 925 F. Supp. 777, 781 (N.D. Ga. 1995) recognized, "in the absence of a civil service system enacted under O.C.G.A. § 36–1–21, the concept that the sheriff alone has the power to hire and fire deputies is deeply embedded in our case law."[3/] Although the County was not able to answer whether the Sheriff's Office's employees were subject to the County's civil service system at the hearing (as noted in the Order, Doc. 89, p. 19, n. 10), the County explained in its Statement of Additional Authorities (Doc. 86) it had confirmed that Sheriff's Office employees like Plaintiff are *not* subject to the County's civil service system. This confirmation further supports the absence of any agency status for the County with respect to Sheriff's Office employees.

## III.   The Implications of the Order's Findings on Agency

Based on the County's research, the Order is the only decision holding that Williams' reference to "employer's traditional rights"  is satisfied by mere payroll and benefits administration.  In addition to the cases above, all of which were cited by the County, the following cases consistently show that the term "employer's traditional rights" means control over hiring, firing, *setting* (not just administering) pay, and similar functions:

- Bartlett v. W.T. Harvey Lumber Co., 398 F. Supp. 2d 1311, 1314, 1318 (M.D. Ga. 2005) (finding no agency relationship where Harvey Lumber hired Bartlett, determined her wages, assigned her to a vendor, Pinnacle, and Pinnacle had no

---

[3/] The County provided copies of Childs and Zimmerman with its Statement of Additional Authorities filed on August 26, 2020 (Doc. 86), pursuant to the Court's invitation at the end of the August 19, 2020 hearing.

supervisory control over Bartlett or any authority to discipline, promote, or demote her); and

- <u>Hamm v. Lakeview Cmty. Hosp.</u>, 950 F. Supp. 330, 334 (M.D. Ala. 1996) (finding no agency relationship when there was "no allegation that [the alleged agent] was delegated responsibility for deciding whether or not [the plaintiff] would be terminated nor any allegation that [the alleged agent] had authority to decide [the plaintiff]'s employment status or conditions.").

Thus, the Order is inconsistent with all other cases on the subject. This inconsistency could lead to confusion on the scope of agency under Title VII and the ADA, and a reticence by counties to continue the common and long-standing practice of providing payroll and benefits administration to constitutional officers across the State. Counties are not required to provide benefits to their own employees, much less the employees of other constitutionally independent entities. The Order could prompt some counties to decline continuing to do so.

## IV.      Conclusion

The County respectfully submits that the Order's findings on the County's agency status vis-à-vis the Sheriff's Office is in error and should be brought in line with other cases in the Eleventh Circuit, including this Court's own. Accordingly, the County requests that the Court enter an order granting this Motion and concluding that Plaintiff has not alleged the Sheriff's Office gave the County control over its traditional employer rights. The effect of this ruling is that Plaintiff's Title VII and ADA Title I claims would be dismissed as to the County and only remain in the case as to the Sheriff in his official capacity.

Respectfully submitted, this 13th day of November 2020.

*/s/ Sharon P. Morgan*

R. Read Gignilliat
Georgia Bar No. 293390
Sharon P. Morgan
Georgia Bar No. 522955
Patrick L. Lail
Georgia Bar No. 431101

ELARBEE, THOMPSON, SAPP &
  WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (facsimile)
gignilliat@elarbeethompson.com
morgan@elarbeethompson.com
lail@elarbeethompson.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, GEORGIA; | ) | |
| and Houston County Sheriff CULLEN | ) | |
| TALTON, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of **DEFENDANT HOUSTON COUNTY'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER AND MEMORANDUM OF LAW** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

| | |
|---|---|
| Kenneth E. Barton, III | Wesley Powell |
| M. Devlin Cooper | Mary Eaton |
| | Sarah M. Wastler |
| | Jill K. Grant |
| | |
| David Brown | Kevin M. Barry |
| Noah E. Lewis | |
| Alejandra Caraballo | |

Respectfully submitted, this 13th day of November 2020.

/s/ Sharon P. Morgan
Sharon P. Morgan
Georgia Bar No. 522955

ELARBEE, THOMPSON, SAPP &
  WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (facsimile)
morgan@elarbeethompson.com

*Attorneys for Defendants*