UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANNA LANGE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 5:19-CV-00392 |
| HOUSTON COUNTY, GEORGIA, *et al.*, | ) ) ) |
| Defendants. | ) ) ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
HOUSTON COUNTY'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER**

Plaintiff Sgt. Anna Lange respectfully submits this memorandum of law in opposition to Defendant Houston County, Georgia's Motion for Partial Reconsideration of Order and Memorandum of Law (Doc. 94) ("Motion" or "Mot.").

**I.     There Is No Basis For Reconsideration Of The Court's Order.**

Although the County correctly acknowledges that motions for reconsideration should not be a "routine practice," it provides no justification for why the Court should reconsider its well-reasoned holding that the County may be liable under Title VII of the Civil Rights Act ("Title VII") and Title I of the Americans with Disabilities Act ("Title I") as an agent of the Sheriff's Office. *See* Mot. at 1 n.1 (citing M.D. Ga. L.R. 7.6). "[R]econsideration of an order is an extraordinary remedy which is to be employed sparingly," *Wells v. Gen. Dynamics Info. Tech., Inc.*, No. 5:12-CV-18 MTT, 2012 WL 5207519, at *1 (M.D. Ga. Oct. 22, 2012), and "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise

of due diligence, or (3) that the court made a clear error of law." *Id.*; *see also Hicks v. Battle*, No. 5:03-cv-307 (CAR), 2007 WL 2746660, at *1 (M.D. Ga. Sept. 18, 2007) ("Motions for reconsideration serve a narrow purpose, namely to correct manifest errors of law or fact or to present newly discovered evidence.") (internal quotations and citations omitted). The County's Motion does not address, much less meet, this exacting standard.

The County does not argue that there has been any intervening change in law[1] or that new evidence has become available. Its argument that the Court's decision is "inconsistent with established law," Mot. at 1–2, is not a valid basis for reconsideration. "A motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Wallace v. Georgia Dep't of Transp.*, No. 7:04-cv-78 HL, 2006 WL 1582409, at * 2 (M.D. Ga. June 6, 2006).

The County already had a full and fair opportunity to argue that it cannot be liable as an "agent" of the Sheriff's Office and in fact has repeatedly pressed the exact argument it presents here—that the administration of employee health plan benefits does not, as a matter of law, constitute a "traditional [employer] right" under the test articulated in *Williams v. City of Montgomery*, 742 F.2d 586, 589 (11th Cir. 1984). *See* Defs.' Mot. to Dismiss Am. Compl. 7, n.7, ECF No. 62 (arguing that the Sheriff's Office did not "delegate fundamental aspects of the employment relationship (hiring, firing, compensation) to the County"); Defs.' Reply at 13–14, ECF No. 79 ("[T]he County is not an agent of the Sheriff's Office as to its traditional rights or the fundamental aspects of employment[.]"); Hr'g Tr. at 12:8-11 ("Within [*Williams*] there was a board, kind of a personnel board for a city, to which was delegated the traditional employer rights

---

[1] Each of the cases the County cites was decided before the close of briefing on its motion to dismiss, before oral argument, and before the County submitted supplemental authorities to the Court.

of hiring, firing, setting pay, setting responsibilities. We don't have that in this case."); Defs.' Stmt. Addt'l Authorities, ECF No. 86 (submitting *Childs v. Macon-Bibb County Indus. Auth.*, No. 5:18-cv-00328-TES, 2020 WL 3130301 (M.D. Ga. June 12, 2020) and *Zimmerman v. Cherokee County*, 925 F. Supp. 777 (N.D. Ga. 1995) "in support of [its] argument that the County is not an agent of the Sheriff's Office"). The County's disagreement with the Court's application of the law does not merit a grant of the extraordinary remedy it seeks. *See also Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'r*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity . . . to instruct the court on how the court 'could have done it better' the first time.").

## II. The Court Correctly Found That The County Could Be Liable As An Agent Of The Sheriff's Office.

Additionally, the County's recycled argument does not establish any error. Courts have long held that a benefit plan's administrator may be liable under Title VII and Title I. *E.g.*, *City of Los Angeles, Dept. of Water and Power v. Manhart*, 435 U.S. 702, 718 n.33 (1978) (third-party retirement plan liable for sex discrimination as employer's agent under Title VII); *Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n*, 37 F.3d 12, 17–18 (1st Cir. 1994) (plan administrator could be liable under Title I as "agent" of employer to extent it "act[ed] on behalf of the [employer] in the matter of providing and administering employee health benefits"); *Boyden v. Conlin*, 341 F. Supp. 3d 979, 998 (W.D. Wis. 2018) (plan administrator is "a proper defendant on plaintiffs' Title VII claim" challenging transgender exclusion in health plan).

According to the County, *Williams* holds that a third party may be "an employer by virtue of the agency relationship" where an employer has delegated control of "***some of*** [its] traditional rights, ***such as*** hiring or firing, to [the] third party," and that the Court "distend[ed] that standard to encompass what is ***not*** a traditional employer right – the Sheriff's use of the County's

health insurance." Mot. at 2 (citing 742 F.2d at 589) (emphasis added). But the Court's decision is not in tension with *Williams*, which merely states that hiring and firing are two examples of the many traditional rights of employers. *See* 742 F.2d at 589 (citing other examples of "duties traditionally reserved to the employer," including "establishing a pay plan, formulating minimum standards for jobs, [and] evaluating employees"). Indeed, the County's narrow interpretation of "traditional rights" stands in opposition to the Eleventh Circuit's directive in *Williams* that the term "employer" be "accorded a liberal construction" under Title VII. *See* 742 F.2d at 588; Order at 19.

Nor is the County correct that the Court's ruling here cannot be reconciled with *Childs*, 2020 WL 3130301. *Childs* held on summary judgment that the delegation of payroll and employee benefits was insufficient to aggregate employees of a county and its Industry Authority for purposes of satisfying Title VII's 15-employee jurisdictional requirement. *Id*. at *6–*10. That has no bearing on the issue the Court decided: that the County can be held liable as an "agent" of the Sheriff's Office as that term is used in 42 U.S.C §§ 2000e-(b) and 12111(5), where the Sheriff's Office has delegated certain employee benefits responsibilities to the County and the County has exercised that delegated authority in a discriminatory manner.[2] Indeed, *Childs* did not even consider *Williams*.

The County's argument that this Court's decision may lead to "reticence by counties to continue the common and long-standing practice" of providing such employment

---

[2] The other cases cited by the County are similarly inapposite. *Bartlett v. W.T. Harvey Lumber Co*., 398 F. Supp. 2d 1311, 1317–18 (M.D. Ga. 2005), like *Childs*, addressed only Title VII's 15-employee jurisdictional requirement, without considering liability as an employer's "agent" under Title VII. Likewise, *Hamm v. Lakeview Cmty. Hosp*., 950 F. Supp. 330, 334 (M.D. Ala. 1996) did not consider a third-party's exercise of delegated authority—indeed, it held that the third-party defendant was not alleged to have been delegated the authority that gave rise to the adverse employment action. *Zimmerman* is not a Title VII case at all; its unremarkable statement that "the sheriff alone has the power to hire and fire deputies," 925 F. Supp. at 781, is irrelevant to this case.

benefits to "constitutional officers across the State," Mot. at 5, is also without merit. Indeed, following the Court's Order, the County confirmed in a letter to Sgt. Lange and other "Houston County full-time employees" its intention to continue offering its Health Plan with "no changes" in 2021. *See* Ex. A, Open Enrollment Highlights 2020 at 1. Fundamentally, the Court's decision ensures that crafty delegation of employment functions does not deny public servants, like Sgt. Lange, the protections afforded employees under Title VII and Title I. *See Boyden v. Conlin*, No. 17-CV-264-WMC, 2018 WL 2191733, at *2 (W.D. Wis. May 11, 2018) (criticizing a similar argument as a "magic trick," because it would allow an employer to immunize itself against Title VII claims through delegation).

Finally, even if the Court were to reverse its finding that the County may be liable on an agency theory, the County is wrong that "[t]he effect of this ruling is that Plaintiff's Title VII and ADA Title I claims would be dismissed as to the County." Mot. at 5. The County would still be liable under a joint employer theory. *See* Opp. Mot. to Dismiss Am. Compl. at 10 (ECF 74).[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion.

Respectfully submitted this 30th day of November, 2020.

| | |
|---|---|
| /s/ Kenneth E. Barton III | David Brown* |
| Kenneth E. Barton III | Noah E. Lewis* |
| Ga. State Bar No. 301171 | Alejandra Caraballo* |
| M. Devlin Cooper | TRANSGENDER LEGAL DEFENSE EDUCATION |
| Ga. State Bar No. 142447 | FUND, INC. |
| COOPER, BARTON & COOPER | 520 8th Ave. Ste. 2204 |
| 170 College Street | New York, NY 10018 |
| Macon, GA 31201 | (646) 862-9396 tel. |

---

[3] Because the Court found that "the County may be liable under an agency theory" it declined to "address Lange's alternative argument that the County is liable as a joint employer with the Sheriff's Office." Order at 20.

(478) 841-9007 tel.
(478) 841-9002 fax
keb@cooperbarton.com
mdc@cooperbarton.com

Wesley R. Powell*
Sarah M. Wastler*
Jill K. Grant*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000 tel.
(212) 728-8111 fax
wpowell@willkie.com
swastler@willkie.com
jgrant@willkie.com

(646) 993-1686 fax
dbrown@transgenderlegal.org
acaraballo@transgenderlegal.org
nlewis@transgenderlegal.org

Kevin M. Barry*
QUINNIPIAC UNIVERSITY SCHOOL OF LAW
LEGAL CLINIC
275 Mount Carmel Ave.
Hamden, CT 06518
(203) 582-3238 tel.
(203) 582-3237 fax
legalclinic@quinnipiac.edu

*Attorneys for Plaintiff*

* Admitted pro hac vice.

## CERTIFICATE OF SERVICE

I certify that on November 30, 2020, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Kenneth E. Barton*