IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANNA LANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-392 (MTT) |
| | ) |
| HOUSTON COUNTY, Georgia, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On October 30, 2020, the Court entered an order granting in part and denying in part the Defendants' motion to dismiss for failure to state a claim.  Doc. 89.  In denying in part Defendant Houston County, Georgia's motion to dismiss, the Court concluded the County had failed to show it was not Lange's employer for purposes of Title I of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.  *Id.* at 19-20.

The County now moves for reconsideration of that conclusion.  Doc. 94. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga., L.R. 7.6 (emphasis added).  Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id.*  "In order to demonstrate clear error, the party

moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Here, the County does not argue the law has changed or that it has discovered new evidence.  Instead, it argues there was clear error in the Court's previous order.

Specifically, the County argues the Court wrongly concluded that Lange plausibly alleged the County was acting as an agent of the Sheriff's Office.  Doc. 94 at 1-2.  It is clear that (i) the Sheriff delegated employee health benefits to the County and (ii) the conduct complained of here, the adoption and maintenance of an allegedly discriminatory exclusion in the healthcare plan, is within the scope of that delegation.

Nonetheless, to support its motion, the County makes three arguments.  First, the County argues that in *Williams v. Montgomery*, the Eleventh Circuit held that a county personnel board was an agent of the county because the board exercised authority to hire, fire, and demote employees.  742 F.2d 586 at 589 (11th Cir. 1984); Doc. 94 at 3.  The Court agrees that an entity that hires and fires on behalf of another is an agent for purposes of Title VII and the ADA.  But that is no support for the County's argument that one who does not hire and fire cannot be an agent.

Second, the County argues that Judge Self in this District recently reached a different conclusion on similar facts.  Specifically, Judge Self concluded that Bibb County was not liable under Title VII for alleged discrimination by the Macon-Bibb County Industrial Authority.  Doc. 94 at 3.  In that case, the plaintiff had been fired by the Industrial Authority's chairman, ostensibly for listening to confidential recordings. *Childs v. Macon-Bibb Cty. Indus. Auth.*, 2020 WL 3130301, at *4 (M.D. Ga. June 12,

2020).  To determine whether Macon-Bibb was a joint employer, Judge Self "looked to one general premise: which entity—the Authority or Macon-Bibb—controlled 'the fundamental aspects of the employment relationship that gave rise to the claim.'" *Childs*, 2020 WL 3130301, at *7 (citing *Peppers v. Cobb Cty.*, 835 F.3d 1268 (11th Cir. 2016)).  Judge Self found that "Macon-Bibb did nothing to control the fundamental aspects of Childs' employment or her termination" and that Macon-Bibb's administration of benefits did not change that conclusion.  *Id.* at *10.

Here, the claim arises from the County's provision of benefits.  In other words, the unlawful conduct complained of is the County's own conduct.  In *Childs*, it was the principal's conduct.  The County's claim that the Court's order in this case and Judge Self's order in *Childs* "cannot be reconciled" is therefore unfounded.

Third, the County argues the Court's denial of its motion to dismiss represents a new "holding" with concerning policy implication.  Doc. 94 at 4-5.  Specifically, it argues the Court's denial of its motion to dismiss might "prompt some counties to decline continuing to [provide payroll and benefits administration to Sheriff's Offices]."  Doc. 94 at 5.  That argument fails for at least three reasons.

First, the Court made no broad "holding" that all counties that provide benefits administration are always agents of sheriff's offices for all employment claims.  Instead, the Court simply decided that "[w]ith regard to the claims at issue in this lawsuit"—claims that focused on the *County's own* allegedly discriminatory conduct—Lange's complaint had plausibly alleged it was acting as an agent.  Doc. 89 at 19.

Second, the Court's decision to deny the County's motion to dismiss is not novel.  Generally, an agent is liable for its own conduct, and it is not liable for the conduct of

others or for conduct outside the agency relationship.  The cases the County cites support the second proposition (which, though an accurate statement of the law, does not apply here), and the cases Lange cites in her response support the first.  *See Carparts Distribution Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12, 17 (1st Cir. 1994) ("defendants would be 'employers' if they functioned as [the plaintiff's] 'employer' with respect to his employee health care coverage"); *Spirt v. Teachers Ins. & Annuity Ass'n,* 691 F.2d 1054, 1063 (2d Cir.1982), *vacated and rem'd on other grounds,* 463 U.S. 1223 (1983), *reinstated and modified on other grounds,* 735 F.2d 23 (2d Cir.1984), *cert. denied,* 469 U.S. 881 (1984).  Lange's complaint alleges the County has engaged in discrimination in the healthcare plan.  That the County *may* be liable for that alleged discrimination is not a novel conclusion.

Third, policy implications rarely factor into the Court's decisions.  A district court's ruling is necessarily limited to individualized factual allegations and the issues and arguments raised in the briefs before it.  A denial of a motion to dismiss sets no policy.[1]

For those reasons, the County has shown no clear error in the Court's denial in part of its motion to dismiss.  Accordingly, its motion for reconsideration (Doc. 94) is **DENIED**.

**SO ORDERED**, this 22nd day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] For the sake of argument, though, the County gets the policy implications wrong.  If a county is concerned about liability for its treatment of sheriff's office employees, it can provide for indemnification or otherwise mitigate that exposure.  The Court reiterates that the County's liability in this case, if any, would result only from its own conduct.  If, on the other hand, the County's argument were correct, then whenever a county acted unlawfully in performing its delegated functions, it would get off scot-free and leave the sheriff's office to foot the bill.  That would make such relationships unpalatable to Sheriffs and, because counties may be unwilling to indemnify sheriffs when they are already offering participation in their healthcare plan, would be more likely to result in such relationships becoming unworkable.