IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF KENNETH CARTER

COMES NOW Kenneth Carter, and in accordance with 28 U.S.C. § 1746, hereby declares as follows:

1.

My name is Kenneth Carter. I am over the age of twenty-one (21). I am competent to make this Declaration and have personal knowledge of the information set forth herein. I understand that this Declaration is for use in connection with the above-captioned civil action, and I give it freely for that purpose.

2.

I am the Director of Personnel for Houston County, Georgia. In that capacity, I oversee all personnel administration for County employees. I also oversee the County's various benefit plans, including the health insurance plans. I interact regularly with both staff of the County and its elected Commissioners. I also interact with vendors such as the County's insurance broker, Donna Clark, on issues related to health insurance matters. Because of my involvement, I am familiar with the County's health plan.

3.

The Sheriff's Office makes its own decisions on employment matters like hiring, firing, and major discipline based on their own standards.  Sheriff's Office employees are not subject to the County's merit system and enjoy none of the protections of that system.

4.

As a representative of the County, I testified about multiple employees and family members who have complained to me over the years regarding various exclusions that affected them.  These individuals include both males and females.

5.

In my individual deposition, I testified about a letter to Anthem regarding accepting responsibility for any penalties that might be imposed under Section 1557 of the Affordable Care Act.  No such penalties have been imposed.

6.

The County and the Sheriff's Office have entered into an intergovernmental agreement in which the County makes its health insurance plans available to employees of the Sheriff's Office.

7.

The Sheriff has chosen to permit his employees to receive medical benefits covered under the County's health insurance plans.

8.

The County does not have any control over the terms of Sgt. Lange's employment, including the Sheriff's decisions to hire or promote her, establish her job responsibilities,

regulate her work environment or supervisor her, or determine her compensation package, including her ability to receive health and pension benefits.

9.

My role includes tracking annual plan costs of the health plan. In 2018, the County's Plan had approximately 1,500 participants and the annual cost of the plan was $10.6 Million. In 2019, the plan had the same number of participants and the cost of the plan was $12.5 Million. In 2020, the plan had the same number of participants and the cost of the plan was $12.8 Million.

10.

The County generally follows the recommendation of its third-party administrator as to exclusions for the plan. As far as the County is aware, a previous exclusion for pre-existing conditions was removed as required by the Affordable Care Act in or about 2014. Also, previous exclusions for certain treatments were removed as required by the Mental Health Parity Act and subsequent legislation bolstering the MHPA. I cannot recall an occasion the plan removed an exclusion except due to a regulatory mandate.

11.

The County funds the Plan, along with contributions by plan participants, and a per capita charge to the Sheriff and other participating employers for their employees' participation.

12.

The Houston County Board of Commissioners (BOC) is the "Plan Sponsor," which the Plan defines as "the legal entity that has adopted the Plan and has authority regarding its operation, amendment and termination.

13.

The 2019 Plan includes 68 medical exclusions and 29 pharmacy exclusions.

14.

The County has not contracted with the Sheriff's Office for services to be provided by Plaintiff.

15.

As the cost of health insurance claims has continued to rise each year, the County has sought to balance the competing interests of offering a plan that covers the most common health insurance needs of participants and controlling costs, so the plan remains financially viable.

16.

While removing the sex change surgery exclusion would have a negative financial impact on the plan, removing *several* exclusions could make the plan unworkable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __3__ day of November, 2021.

Kenneth Carter