THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
TO BE TRIED**

Defendant Houston County, Georgia, and Defendant Houston County Sheriff Cullen Talton, in his official capacity ("Defendants"), pursuant to Local Rule 56, submit this Statement of Material Facts to be Tried[1/] as follows:

1.

Plaintiff's alleged disability of gender dysphoria does not have a physical basis. (ECF 144-1, ¶ 19.)

---

[1/] Local Rule 56 states: "The respondent to a motion for summary judgment *shall* attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine dispute to be tried." (Emphasis added.) While Defendants have submitted their own motions for summary judgment, pursuant to which they have shown that no genuine issue of material fact exists to warrant a trial, Defendants nevertheless submit this Statement – as required by the local rules – highlighting material facts where record evidence differs from Plaintiff's presentation of those facts, which precludes summary judgment for Plaintiff.

2.

Plaintiff is not substantially limited in any major life activity. (Doc. 137-3 at 12:12-22, 38:2-39:18.)

3.

The Sheriff's Office has not delegated any traditional employer functions such as hiring, firing, training, or discipline to the County. (Doc. 165 at 35:4-39:11; Doc. 157 at 81:4-10.)

4.

The Sheriff's Office makes its own employment decisions. (Doc. 150-11 at 33:20-34:4; Doc. 150-14 at 19:3-13).

5.

The County's health plan excludes sex reassignment surgery. (Doc. 137-3, Ex. 7 at HC 1677.)

6.

Plaintiff's non-surgical treatments for her gender transition, including her endocrinologist visits, psychologist visits, and hormones and medications have been covered. (Doc. 137-3 at 48:19-49:15.)

7.

The County opted out of the Nondiscrimination Mandate under Section 1557 of the Affordable Care Act because the County determined Section 1557 does not apply to the County's self-insured plan. (Doc. 150-1 at 59:25-60:21; Doc. 150-14 at 35:2-12; Doc. 150-19 at 180:17-181:11.)

8.

The County has declined to remove the Exclusion, or any of the many exclusions in the Health Plan, to keep down the overall costs of the plan. (Doc. 150-15 at 101:8-12, 104:10-14; Doc. 137-7 at ¶ 4; Doc. 137-9 at ¶ 4; Doc. 137-8 at ¶ 4.)

9.

The County has focused on trying to keep down the *overall* costs of the Plan as a whole, including the cost trends of claims paid. (Doc. 159 at 42:11-45:6.)

10.

The Health Plan's costs have increased steadily since at least 1994. (Doc. 150-19 at 37:9-14, 87.)

11.

The County tracks its annual spending on the Health Plan and produced a summary chart showing the Annual Cost Per Employee rose from $2,057 in 1994 to $15,881 in 2018. (Doc. 150-9 at 113:8-19, 87.)

12.

In addition to the cost trends of the Plan, the County knew that Plan members had asked about exclusions other than the sex change surgery exclusion and there was concern that eliminating one exclusion would lead to requests (or even lawsuits) to remove other exclusions. (County 30(b)(6) Dep. II Carter, pp. 84:7-14, 129:24-130:15, Ex. 31.)

13.

Since Plaintiff's lawsuit, some Plan members have even stated that, if Plaintiff gets the relief she is seeking, those members would take action (legal or otherwise) to have the

exclusion that affects them removed from the Plan. (County 30(b)(6) Dep. II Carter, p. 161:15-25, Ex. 31.)

14.

Defendants' actuarial expert, James Galasso, testified the County's concern about having other exclusions challenged was reasonable because it is rare to remove an exclusion not required by regulatory mandate, the Plan's history over the past three years has only seen the addition of exclusions and not any removals, and the County provided a list of employees who had questioned various exclusions over the past few years. (Doc. 167 at 91:1-13.)

15.

Galasso also opined that spreading the cost of transgender surgery over time via a per member per month calculation is not a valid or reliable actuarial approach since the cost and utilization of transgender procedures is difficult to predict. (Doc. 167 at 97:24-100:6.)

Respectfully submitted this 22nd day of December 2021.

*s/ Patrick L. Lail*
R. Read Gignilliat
Georgia Bar No. 293390
Sharon P. Morgan
Georgia Bar No. 522955
Patrick L. Lail
Georgia Bar No. 431101

-5-

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
gignilliat@elarbeethompson.com
morgan@elarbeethompson.com
lail@elarbeethompson.com

*Attorneys for Defendants*

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| v. | ) | |
| | ) | |
| HOUSTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I served a true and correct copy of **DEFENDANTS' STATEMENT OF MATERIAL FACTS TO BE TRIED** via this Court's ECF filing system which will automatically send electronic notification of filing to the following attorneys of record:

| | |
|---|---|
| Kenneth E. Barton, III | Wesley Powell |
| M. Devlin Cooper | Jill K. Grant |
| | |
| David Brown | Kevin M. Barry |

*s/ Patrick L. Lail*
Patrick L. Lail
Georgia Bar No. 431101

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
lail@elarbeethompson.com

*Attorneys for Defendants*