IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANNA LANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-392 (MTT) |
| | ) |
| HOUSTON COUNTY, Georgia, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Anna Lange—a transgender woman and sworn deputy with the Houston County Sheriff's Office—brought this action against her employer Defendant Sheriff Cullen Talton in his official capacity and Defendant Houston County, Georgia. Doc. 56. The County's health insurance plan, which Sheriff Talton elected to provide to his employees, excludes coverage for "sex change" surgery ("the Exclusion"). Lange contends the Exclusion violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Equal Protection Clause of the United States Constitution; and Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq. Id.* Sheriff Talton, the County, and Lange moved for summary judgment on all claims. Docs. 136; 137; 140.

The Court granted summary judgment to the defendants on Lange's ADA claim, granted partial summary judgment to Lange on her Title VII claim, and allowed Lange's

equal protection claim to proceed to trial.[1]  Doc. 205.  The defendants now move to certify the Court's order for interlocutory review.  Doc. 206.  A motion hearing was held on August 11, 2022.  Doc. 219.  For the following reasons, the defendants' motion for interlocutory review (Doc. 206) is **DENIED**.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal is appropriate when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The Eleventh Circuit has made clear that there is a strong presumption against interlocutory appeals, calling them a "rare exception."  *McFarlin v. Conseco Servs, LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).  Interlocutory appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."  *Id.* at 1259.  In contrast, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."  *Id.*

The defendants request the Court certify two questions for interlocutory appeal.  Doc. 206-1 at 1.

> (1) Under *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020), does a health plan that covers non-surgical treatments needed by transgender individuals, but not transition surgery, constitute a facially discriminatory health plan under Title VII?

---

[1] The Court granted summary judgment on Lange's Title VII claim with respect to liability only.  Doc. 205 at 28.  As to damages, that trial is scheduled for September 19, 2022.  Doc. 217.

>   (2) Can a county be treated as the agent of a sheriff-employer under Title VII when the county does not have or exercise control over hiring, firing, or discipline of a sheriff's employees?

*Id.*  Lange contends the defendants merely disagree with the Court's application of the law on both issues, and thus, the defendants' appeal is premature.  Doc. 208.

**(A) The Court's Application of *Bostock***

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In *Bostock*, the Supreme Court held "[s]ex discrimination under Title VII includes discrimination based on sexual orientation and discrimination based on gender stereotyping because 'it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex.'"  Doc. 205 at 21 (quoting *Bostock*, 140 S. Ct. at 1741).  Further, it is well settled that "[d]enying healthcare coverage 'because of' sex unquestionably violates Title VII because those benefits are 'compensation, terms, conditions, or privileges of employment' under the Act."  *Id.* (citing *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 682 (1983); *Cty. of Los Angeles, Dept. of Water and Power v. Manhart*, 435 U.S. 702, 710 (1978)).

The defendants argue that a proper question for interlocutory appeal is whether a health plan exclusion that covers some forms of treatment for transgender individuals but excludes others because of transgender status is facially violative of Title VII.  Doc. 206-1.  The defendants argue that *Young v. United Parcel Serv., Inc.*, 575 U.S. 206 (2015) shows there are substantial grounds for difference of opinion on the question of

whether the Exclusion is facially discriminatory.  Docs. 179 at 16-17; 218.  In *Young*, a pregnant woman, under the orders of her physician to lift no more than twenty pounds, asserted UPS's policy requiring all drivers to lift up to seventy pounds violated Title VII.  575 U.S. at 211.  In other words, the question there was whether UPS's *facially neutral* policy imposed a significant burden on pregnant employees, and if so, whether the policy was justified by UPS's non-discriminatory explanation, which of course encompassed the question of intent.  *Id.* at 228 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  Unlike *Young*, the Court here found the County's Exclusion was facially discriminatory, and thus the question of intent irrelevant.[2]  Doc. 205 at 22 (citing *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Johnson Controls*, Inc., 499 U.S. 187, 206 (1991)).

Moreover, the defendants' proposed question does not argue that the Exclusion, standing alone, is facially neutral.  *See* Doc. 206-1 at 1.  Rather, as best the Court can tell, the defendants think that because the plan covers some services used by transgender individuals, the plan does not *intentionally* discriminate against transgender individuals seeking medically necessary "sex change" surgery.  Yet, the defendants admit a facially discriminatory policy violates Title VII regardless of intent.  In short, the proposed certified question misses the point, and in any event, the Court thoroughly addressed this argument in its order.  Doc. 205 at 21-28.  To make the relevant point, the defendants could have sought certification on the question of whether a health plan exclusion that denies medically necessary "sex change" surgery to transgender

---

[2] For example, the County's health plan would likely be facially neutral if it excluded genitoplasty surgery, or all forms of surgery related to the genitals.  It does not—the Exclusion targets "sex change" surgery, which, the defendants admit, only targets transgender individuals.

individuals is facially discriminatory.  But if they had, and for obvious reasons, the Court would not have certified that question either.

**(B) Whether the County is an Agent of the Sheriff**

"Where the employer has delegated control of some of the employer's traditional rights, such as hiring or firing, to a third party, the third party has been found to be an 'employer' by virtue of the agency relationship." Doc. 205 at 11 (quoting *Williams v. Cty. of Montgomery*, 742 F.2d 586, 589 (11th Cir. 1984), *cert. denied*, 470 U.S. 1053 (1985)).  Applying *Williams*, the Court held that "the County acted as an agent of the Sheriff because the County provided a health insurance plan to the Sheriff's deputies— a function traditionally exercised by an employer." *Id.* at 12 (citing *Williams*, 742 F.2d at 589).  Here, the defendants conceded the Sheriff elected to have the County provide health benefits, a form of compensation, to his deputies.  Moreover, the Sheriff conceded he had no authority over the plan.  In fact, the only thing the Sheriff retained was the right to take it back—the administration and operation of the plan remained in exclusive control of the County.  And it is undisputed that the County alone made the decisions leading to the denial of Lange's claim.  The Court's ruling simply holds the County is liable for its actions as the agent of the Sheriff.  Again, the law here is settled—the defendants merely disagree with its application.

## II. CONCLUSION

The Court finds that the questions posed by the defendants do not "involve[ ] a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).  In other words, the defendants' proposed questions are

-6-

simply not the types of "rare exception[s]" appropriate for interlocutory review.  *McFarlin*, 381 F.3d at 1264.  Accordingly, the defendants' motion (Doc. 206) is **DENIED**.

**SO ORDERED**, this 18th day of August, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT