IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, GEORGIA, and | ) | |
| Sheriff CULLEN TALTON in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | | |

**TRIAL BRIEF**

COME NOW, Defendants Houston County, Georgia ("Houston County") and Sheriff Cullen Talton in his official capacity ("Sheriff's Office") and, pursuant to the Court's Order dated August 18, 2022, file their trial brief.

**Background Facts**

At all times relevant hereto, Houston County has made its health insurance plan ("Health Plan") available to the employees of the Sheriff's Office. Plaintiff, a transgender woman who is a Deputy Sheriff with the Sheriff's Office and a participant in the County's Health Plan, brought this action challenging the Health Plan's exclusions for sex change surgery and drugs associated therewith as sexually discriminatory under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

On June 2, 2022, this Court entered summary judgment for Plaintiff, finding that the exclusions, as a matter of law, violate Title VII's prohibition on sexual discrimination. At a hearing on August 11, 2022, and in a subsequent Order entered on August 18, 2022,

this Court set this action for a jury trial on Plaintiff's claim for compensatory damages, if any, under Title VII.[1]

### 1. Compensatory Damages under Title VII.

Pursuant to the Civil Rights Act of 1991, a "complaining party" suing under Title VII may recover "compensatory damages." See 42 U.S.C. § 1981a(a)(1); see also Office of Legal Counsel, EEOC, Enforcement Guidance: Compensatory and Punitive Damages Available under § 102 of the Civil Rights Act of 1991, Decision No. 915.002 (July 14, 1992) ("Enforcement Guidance"), available at 1992 WL 189089 at *1 n. 2 (1992) (a "complaining party" includes, inter alia, "a person who may bring an action or proceeding under Title VII").

Compensatory damages under Title VII "include damages for past pecuniary losses (out-of-pocket loss), future pecuniary loss, and nonpecuniary loss (emotional harm)." Enforcement Guidance, 1992 WL 189089 at *4. Whatever the claimed form of pecuniary losses, Plaintiff bears the burden of proving by a preponderance of the evidence, as found by the Court, that "the employer's discriminatory act or conduct was the cause of [her] loss." Id. "The critical question is whether [Plaintiff] incurred the pecuniary losses as a result of the employer's discriminatory act or conduct." Id.

In addition to being limited in kind, compensatory damages are limited in amount as well. Those damages are therefore limited in kind, as well as in amount:

---

[1] Defendants are governmental entities, against whom an award of punitive damages is not authorized under Title VII. See 42 U.S.C. § 1981a(b)(1). Whatever other relief—and the extent of any such relief—Plaintiff seeks are matters for the Court.

> **(2) Exclusions from compensatory damages.**—Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil rights Act of 1964 (42 U.S.C. § 2000e-5(g)).
>
> **(3) Limitations.**—The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, … shall not exceed, for each complaining party—….

[setting forth caps based on size of employer].

See 42 U.S.C. § 1981a(b)(2), (3) (emphasis in original). That is, proven past pecuniary losses are not subject to the statutory caps but proven future pecuniary losses and any other proven damages are.

### A. Past Pecuniary Losses.

"Because relief recoverable under § 706(g) is not deemed to be compensatory damages, complaining parties may recover full compensation for back pay, interest on backpay, frontpay, or any relief that would been available under Title VII, … without inclusion in the caps" set forth in 42 U.S.C. § 1981a(b)(3). Enforcement Guidance, 1992 WL 189089 at *3. Plaintiff is not seeking backpay or frontpay.

Proven past pecuniary losses are out-of-pocket losses that occurred prior to the date of the resolution of the damages claim"; in this case, "at the conclusion of the litigation." Id. at *4. Such losses "are fully compensable where actual out-of-pocket losses can be shown." Id. at *3.

On May 28, 2021, Defendant Houston County served Plaintiff with its Second Set of Interrogatories consisting of a single interrogatory as follows: "Please identify your alleged out-of-pocket damages that you contend arise out of the exclusion of sex change

services and drugs for sex change services under the POS plan in which you participate, and identify any documents supporting those alleged damages." (See Exhibit A, p. 5, hereto.) In her response served on June 28, 2021, Plaintiff answered that she had out-of-pocket damages "totaling $10,953," and provided a computation for the same as follows:

- 2021.06.20 Electrolysis - $1,147 (Lange_00002402)

- 2016.09.21 – 2018.04.25 Laser - $1,990 (Lagne_00002387)

- 2017.03.20 – 2018.01.14 Hormones - $439.40 (Lange_00002407)

- 2018.03.26 Breast augmentation - $6,866 (Lange_00002404)

- 2018.11.13 Delta Roundtrip ATL to JFK - $182.40 (Lange_000023474)

- 2019-07-30 invoice for 2019.06.12 date of service Labcorp $567 (Lange_00002377)

- 2021.06.17 Labcorp $400 invoice for 2020.06.23 date of service, noting $200 "Discount/Adjustments" (Lange _00002406)

    o 2020.07.08 Labcorp invoice re denial of insurance notice dated (Lange_00002383)

    o 2020.10.14 invoice for 2020.06.23 date of service – collections notice for Labcorp medical bill - $400 (Lange_00002373)

    o 2020.11.25 Labcorp collections notice for date of service 2020.06.23 – (Lange_00002403)

    o 2020.11.25 Final notice collections (Lange_00002371)

(See id.)

In her interrogatory answer, Plaintiff stated that "[f]urther discovery may supply additional information" and that she "explicitly reserve[d] her rights to update her response." (See id.) That explicit reservation notwithstanding, Plaintiff has neither

"update[d]" her answer to said interrogatory nor otherwise supplemented her answers pursuant to Rule 26(e)(1)(A)(iii) of the Federal Rules of Civil Procedure.

### B. Future Pecuniary Losses.

"Future pecuniary losses are out-of-pocket expenses that are likely to occur after … the conclusion of litigation." Enforcement Guidance, 1992 WL 189089 at *4; see also id. at *4 ("Future pecuniary losses include the same expenses [recoverable as past pecuniary losses], if these losses will continue after … litigation."). By way of example, the EEOC's Enforcement Guidance points to a hypothetical plaintiff's "future psychiatric bills" for the treatment of her depression, which would be recoverable as future pecuniary losses in addition to out-of-pocket expenses for her past psychiatric and medical bills as past pecuniary losses. Id. at *5.

However, as discussed in Plaintiff's Second Motion in Limine, Plaintiff did not disclose or identify in her interrogatory answer—or supplement her disclosures or answers—to show any future pecuniary losses, and should therefore be barred from recovering any such alleged damages. FED. R. CIV. P. 26(a)(1)(A)(iii), (e)(1)(A); FED. R. CIV. P. 37(c); City of Rome v. Hotels.com, L.P., 549 F. App'x 896, 905 (11th Cir. Dec. 13, 2013) ("Disclosures required under Rule 26(a) include a 'computation of each category of damages claimed by the disclosing party.'") (quoting FED. R. CIV. P. 26(a)(1)(A)(iii)); id. (rejecting the plaintiffs' "attempt to shirk their responsibility under Rule 26(a) and unload their obligation to provide initial disclosure onto the party the rule is designed to protect" because, inter alia, the plaintiffs "could [have] resort[ed] to Rule 26(e) and supplement[ed]

their disclosures"); id. (affirming district court's exclusion under Rule 37(c) of claimed breakage damages not properly disclosed under Rule 26).

### C. Nonpecuniary Losses.

"Damages are available for the intangible injuries of emotional harm as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life." Enforcement Guidance, 1992 WL 189089 at *5.  However, "[n]onpecuniary harm will not be presumed simply because the complaining party is a victim of discrimination." Id.  "The existence, nature, and severity of emotional harm must be proved." Id.

Furthermore, "[a]n award for emotional harm is warranted only if there is sufficient causal connection between the respondent's illegal actions and the complaining party's injury." Id.  "The discriminatory act or conduct must be the cause of the emotional harm." Id.

Moreover, "[t]he claim of emotional harm will be seriously undermined if the onset of symptoms preceded the discrimination," although "if a party had preexisting emotional difficulties and his mental health deteriorates as a result of the discriminatory conduct, the additional harm may be attributed to the respondent." Id.  The jury may therefore "consider factors that are directly relevant to whether and to what extent the employer caused the employee's emotional harm." Id.

By way of example, the EEOC's Enforcement Guidance points to the Eleventh Circuit's decision in Vance v. Southern Bell Telephone and Telegraph Company, 865 F.2d 1503 (11th Cir. 1989).  In that case, the Court of Appeals

> found that an award of $500,000 in compensatory damages for mental distress, emotional harm, or humiliation resulting from racial discrimination was properly ruled excessive where there were other factors which probably contributed to the plaintiff's mental distress. The plaintiff had marital problems because her husband was named in a paternity suit by another woman, financial problems, problems resulting from an automobile accident, dietary problems, and family illnesses and deaths.

Enforcement Guidance, 1992 WL 189089 at *6 (citing Vance, 863 F.2d at 1516). "Therefore, where a complaining party's emotional harm is due in part to personal difficulties, which were not caused or exacerbated by the discriminatory conduct, the employer is liable only for the harm resulting from the discriminatory conduct." See Enforcement Guidance, 1992 WL 189089 at *6.

As set forth more fully in Plaintiff's First Motion in Limine, neither the Supreme Court nor the Eleventh Circuit has authorized the recovery of "future emotional distress" under Title VII. Again, the EEOC's Enforcement Guidance states, "[e]motional harm will not be presumed simply because the complaining party is a victim of discrimination." The existence, nature, and severity of emotional harm must be proved." Id. at *5. "The discriminatory act or conduct must be the cause of the emotional harm." Id. (citation omitted).

The EEOC has not issued any further guidance on the availability of compensatory damages under Title VII, and even if considered only an overview of the potentially available damages, there is no reason to believe that the Enforcement Guidance was intended to be anything less than comprehensive as such. In addition to quoting the statute itself, the Enforcement Guidance uses the word "future" in relation to compensatory damages six times—but each time only with respect to pecuniary losses. See id. at *4.

Furthermore, although the EEOC offers a specific example where "future psychiatric bills" are treated as recoverable pecuniary losses, it does not treat the underlying condition (depression) as a basis for future emotional nonpecuniary losses. See id. at *3 (example). In summary, the EEOC's Enforcement Guidance does not recognize—or make any mention of a potential—recovery for alleged future emotional distress damages.[2/]

In addition to "[p]ast emotional distress" damages, Plaintiff's proposed verdict form also seeks to allow the jury to award "[f]uture emotional distress" damages. But Plaintiff did not seek any such damages in her required disclosures, much less provide any computation of the same.[3/] Moreover, the Eleventh Circuit's proposed jury instructions do not include any reference to future emotional distress damages, and Plaintiff has not proposed a jury instruction for awarding any such damages.

### D. Injunctive Relief

In the Proposed Pretrial Order, Plaintiff purports to seek entry of a permanent injunction at the conclusion of trial, relying on a short section of her summary judgment brief. [See Doc. 140-1 at 38-39.] However, when it granted Plaintiff partial summary

---

[2/] Although there are reported cases applying the Enforcement Guidance to claims of damages, there do not appear to be any reported cases applying the Enforcement Guidance to claims of alleged future emotional distress. There is no reason to believe that the word "future" as used in § 1981a(b)(3) was used in any way other than to modify "pecuniary damages" specifically in order to clarify the different treatment of those damages under § 1981a(b)(2). Indeed, to read the word "future" to apply to the language "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" would eliminate the ability to recover past nonpecuniary damages since those damages are not provided for elsewhere in the statute.

[3/] Defendants address Plaintiff's failure to make the required damages disclosures in their Second Motion in Limine.

judgment on the Title VII claim, the Court did not grant injunctive relief. [See Doc. 205 at 33 (noting that "the issue of appropriate relief" remains).] Accordingly, Plaintiff must move for permanent injunctive relief at trial and Defendants will respond at that time with respect to the relief requested and the proper scope of injunctive relief under the facts of this case. See Barrett v. Walker Cty. Sch. Dist., 872 F.3d 1209, 1229 (11th Cir. 2017) (setting forth standards for permanent injunction).

Respectfully submitted this 1st day of September, 2022.

                                                    *s/ Patrick L. Lail*
                                                    Sharon P. Morgan
                                                    Georgia Bar No. 522955
                                                    R. Read Gignilliat
                                                    Georgia Bar No. 293390
                                                    Patrick L. Lail
                                                    Georgia Bar No. 431101
                                                    William Drummond Deveney
                                                    Georgia Bar No. 219744

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com
gignilliat@elarbeethompson.com
lail@elarbeethompson.com
deveney@elarbeethompson.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANNA LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00392-MTT |
| HOUSTON COUNTY, GEORGIA, and | ) | |
| Sheriff CULLEN TALTON in his official | ) | |
| capacity, | ) | |
| | | |
| Defendants. | | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2022, I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE** with the Clerk of Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Kenneth E. Barton, III | Wesley R. Powell |
| M. Devlin Cooper | Jill K. Grant |
| | Catherine E. Fata |
| | |
| David Brown | Kevin M. Barry |
| Gabriel Arkles | |

*s/ Patrick L. Lail*
Patrick L. Lail
Georgia Bar No. 431101

-2-

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
lail@elarbeethompson.com

*Attorneys for Defendants*