IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANNA LANGE,<br><br>    *Plaintiff*,<br><br>v.<br><br>HOUSTON COUNTY, GEORGIA, et al.,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 5:19-CV-00392-MTT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFF'S TRIAL BRIEF**

    COMES NOW Plaintiff Sgt. Anna Lange, by and through the undersigned counsel, and respectfully files her Trial Brief in the above-captioned action, showing the Court as follows:

## **INTRODUCTION**

    In its June 2, 2022 Order on the parties' summary judgment motions, this Court held that Sgt. Lange established as a matter of law that the Exclusion (as defined in the Order) is facially discriminatory in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and that Houston County ("the County") is an "agent" for purposes of Title VII. *See* ECF No. 205 ("Order") at 12, 28. In its August 11, 2022 order, the Court set this matter for trial with respect to damages on Sgt. Lange's Title VII claim. ECF 217. Sgt. Lange respectfully submits this brief to set forth the relief she seeks for Defendants' violation of Title VII.

**ARGUMENT**

I. **TITLE VII RELIEF**

The overriding purpose of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975); *Tompkins v. Darr*, No. 4:11-CV-93 CDL, 2013 WL 6198209, at *3 (M.D. Ga. Nov. 27, 2013) ("The basic purpose of equitable relief under Title VII is to make the employee whole—to restore the employee to the position the employee would have occupied had she not been the victim of unlawful discrimination."). To achieve this goal, Congress enacted statutes providing plaintiffs who have been discriminated against under Title VII with a wide range of remedies. *See* 42 U.S.C. § 2000e–5(g) (outlining available equitable relief, including injunctive relief and any other relief the court deems appropriate); 42 U.S.C. § 1981a (outlining compensatory and punitive damages available for cases of intentional discrimination under Title VII in addition to equitable relief provided by 42 U.S.C. § 2000e–5(g)).

Here, Sgt. Lange seeks to be made whole by an award of compensatory damages in an amount to be determined at trial by the jury. Additionally, Sgt. Lange seeks the following relief to be determined by the Court following trial: (1) reimbursement for out-of-pocket expenses arising from the healthcare that she was unlawfully denied; (2) injunctive relief; (3) attorneys' fees, costs, and expenses; and (4) pre-judgment and post-judgment interest.

A. **Compensatory Damages**

As a victim of intentional discrimination prohibited by Title VII, Sgt. Lange is entitled to recover compensatory damages for the mental and emotional suffering that she experienced as a result of the unlawful Exclusion. It is well established that compensatory damages are available under Title VII for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." 42 U.S.C. § 1981a(b)(3).

"Other non-pecuniary losses" include damages for humiliation. *See Ferrill v. The Parker Grp., Inc.*, 168 F.3d 468, 476 (11th Cir. 1999) ("Humiliation and insult are recognized, recoverable harms."); *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985) ("The injury in civil rights cases may be intangible . . . . It need not be financial or physical but may include damages for humiliation and emotional distress.").

To recover compensatory damages for emotional distress, a plaintiff must prove actual injury (*Carey v. Piphus*, 435 U.S. 247, 263–64 (1978)); however, damages for such injuries "need not be proven with a high degree of specificity" and "may be inferred from the circumstances." *Ferrill*, 168 F.3d at 476. *See also Marable v. Walker*, 704 F.2d 1219, 1220–21 (11th Cir. 1983) ("That the amount of damages is incapable of exact measurement does not bar recovery for the harm suffered."). A plaintiff need not prove their emotional distress through medical evidence. *See Bogle v. McClure*, 332 F.3d 1347, 1359 (11th Cir. 2003) (upholding award of compensatory damages for emotional pain and suffering sustained by plaintiffs as result of their race-based transfers to less prestigious places of work, based on their testimony that the transfers "upset," "embarrassed," "humiliated," and "ashamed" them, without presenting independent medical evidence of mental or physical harm). Rather, a plaintiff's own testimony is sufficient to support an award of compensatory damages for emotional distress. *See Stallworth*, 777 F.2d at 1435 (affirming $100,000 compensatory damages award based on plaintiff's testimony that he suffered emotional stress, loss of sleep, marital strain and humiliation because of violation of his civil rights); *Marable*, 704 F.2d at 1220 (holding that plaintiff's own testimony that he was embarrassed and humiliated by defendant's conduct was sufficient to support compensatory damages award).

Here, Sgt. Lange seeks compensatory damages for the emotional distress, mental anguish, humiliation, inconvenience, and loss of enjoyment of life that she endured as a result of being denied medically necessary health care in violation of Title VII.

### B. Reimbursement for Out-of-Pocket Expenses

Sgt. Lange is entitled to reimbursement for the out-of-pocket expenses she incurred as a result of Defendants' unlawful Exclusion. To effectuate the "make whole" objective of Title VII, Congress "vested broad equitable discretion in the federal courts to 'order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , *or any other equitable relief as the court deems appropriate*.'" *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763 (1976) (quoting 42 U.S.C. § 2000e–5(g)(1) (emphasis added)). *See also Rivers v. Wash. Cnty. Bd. of Educ.*, 770 F.2d 1010, 1012 (11th Cir. 1985) (per curiam) ("The district court has broad, equitable discretion to grant any equitable relief it deems appropriate to make persons whole for injuries suffered on account of unlawful employment discrimination.").

Courts have exercised their equitable powers under 42 U.S.C. § 2000e–5(g)(1) to award victims of unlawful employment discrimination damages for their actual out-of-pocket expenses. *See, e.g., Gammon v. Precision Eng'g Co.*, Civ. No. 4–85–1217, 1987 WL 16127 (D. Minn. 1987) (awarding plaintiff compensatory damages for her out-of-pocket medical expenses pursuant to the court's power under 42 U.S.C. § 2000e–5(g) to order such equitable relief as it deems appropriate); *EEOC v. Service News Co.*, 898 F.2d 958 (4th Cir. 1990) (court awarded unreimbursed medical expenses, which resulted from plaintiff's loss of health insurance after she was discriminatorily discharged). "Once a defendant is found liable for the plaintiff's injury, the District Court has a great deal of discretion in deciding the level of damages to be awarded." *Ferrill*, 168 F.3d at 476 (citation omitted).

Out-of-pocket expenses are not subject to Title VII's statutory damages cap. *See* 42 U.S.C. § 1981a(b)(2)-(3) (relief authorized under 42 U.S.C. § 2000e–5(g) is excluded from compensatory damages awarded under § 1981a and only compensatory damages for *future* pecuniary relief under § 1981a are subject to the damages cap). *See also Schroer v. Billington*, Civil Action No. 05–1090 (JR), 2009 WL 1543686 (D.D.C. Apr. 28, 2009) (awarding transgender plaintiff past pecuniary losses for therapy sessions and two dental procedures and stating that such losses are not included in the statutory caps).

Here, Sgt. Lange incurred out of pocket expenses over approximately $10,000 that she would not have incurred but for Defendants' unlawful Exclusion. The Court should thus award Sgt. Lange these out-of-pocket costs pursuant to its authority under 42 U.S.C. § 2000e-5(g)(1) to grant "any other equitable relief as the court deems appropriate." *See Tompkins*, 2013 WL 6198209, at *2 ("It is also clear that for [Title VII] violations, an employee may recover compensatory damages and equitable relief. It is the jury's role to determine whether illegal discriminatory conduct occurred and whether an employee should recover compensatory damages. It is the judge's role to determine whether equitable relief is appropriate. Equitable relief may be appropriate even if a jury does not award compensatory damages.") (citations omitted); *McCue v. State of Kan., Dep't of Hum. Res.*, 165 F.3d 784, 792 (10th Cir. 1999) ("Damages awarded under section 2000e–5(g) are equitable relief to be determined by the court, while damages awarded under section 1981a are legal damages that may be submitted to a jury.").

C. **Attorneys' Fees and Expenses**

Prevailing plaintiffs in Title VII actions may recover their reasonable attorneys' fees and related expenses. *See* 42 U.S.C. § 2000e-5(k); FED. R. CIV. P. 54(d). *See also Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022) ("[T]here are two requirements for a party to reach prevailing party status. First, the party must be awarded some

relief on the merits of its claim by the court. Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." (citations omitted)). However, the attorneys' fee award is an issue for the court, not the jury. Accordingly, should Sgt. Lange be awarded relief on her Title VII claim by the Court or jury, she intends to file a post-trial motion seeking such relief in accordance with the Federal Rules of Civil Procedures and Local Rules.

### D. Pre- and Post-Judgment Interest

Sgt. Lange is entitled to pre-judgment interest on her out-of-pocket expenses. Generally, federal courts have discretion to award pre-judgment interest to a plaintiff who has suffered harm as a result of a violation of their civil rights. *See West Virginia v. United States,* 479 US 305, 310 (1987) (prejudgment interest is "an element of complete compensation"). Pre-judgment interest is necessary to make victims of discrimination fully whole and compensate them for the true cost of money damages they incurred. *Id.* 310, n. 2; *EEOC v. Atlanta Gas Light Co.*, No. C81-1090A, 1983 WL 606, at *1 (N.D. Ga. Dec. 15, 1983), *aff'd*, 751 F.2d 1188 (11th Cir. 1985) ("Because a primary purpose of the remedial provisions of Title VII is to make whole the victims of unlawful discrimination . . . , the court concludes that prejudgment interest is appropriate in order to fully compensate those employees entitled to reimbursement[.]"); *Chung, Yong Il v. Overseas Navigation Co., Ltd.*, 774 F.2d 1043, 1057 (11th Cir. 1985) (explaining that an award of prejudgment interest is not a penalty; it compensates plaintiff for the use of his funds).

Sgt. Lange is also entitled to post-judgment interest on any damages award. Under 28 U.S.C. § 1961, a prevailing party in civil litigation is entitled to interest "on any money judgment in a civil case recovered in a district court." This interest is meant "to compensate the successful plaintiff for being deprived of compensation." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (citation omitted). *See also FIGA v. R.V.M.P. Corp.*, 874

F.2d 1528, 1533 (11th Cir. 1989) (stating that "post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day"). Post-judgment interest is calculated from the date of entry of judgment in the action. *See* 28 U.S.C. § 1961. Sgt. Lange is thus entitled to post-judgment interest on any damages award she received, calculated from the date of the Court's final judgment until the time her damages are paid in full.

### E. Injunctive Relief

Under Title VII, 42 U.S.C. § 2000e-5(g), a court may enjoin a defendant from engaging in an unlawful employment practice where the court has found that the defendant intentionally engaged in that practice. *See, e.g., Boyden v. Conlin*, ECF 240, No. 17-CV-264-WMC (W.D. Wis. Sept. 24, 2018) (final judgment awarding compensatory damages as determined by jury and permanently enjoining defendants from enforcing an exclusion that violates Title VII by excluding coverage for gender reassignment-related care). *See also Flack v. Wis. Dep't of Health Servs.*, ECF 249, Case No. 18-cv-309-wmc (W.D. Wis. Oct. 31, 2019) (final judgment permanently enjoining defendants from enforcing an exclusion that violated federal laws by excluding coverage for gender-confirming surgery and related hormones).

Here, Sgt. Lange continues to seek entry of a permanent injunction enjoining Defendants' further enforcement of the Exclusion, including ordering Defendants to provide any direction to Anthem necessary to ensure that this change is effectively implemented and that Sgt. Lange's medically necessary care is covered. *See* ECF 140–1 at 38-39. Such relief would remain available to Sgt. Lange even if the jury does not award her any compensatory damages. *See Tompkins*, 2013 WL 6198209 at *2 ("Equitable relief may be appropriate even if a jury does not award compensatory damages."). Therefore, Sgt. Lange's request for permanent injunctive relief is for the Court to determine following the jury's verdict.

Respectfully submitted this 1st day of September, 2022.

/s/ Kenneth E. Barton III

| | |
|---|---|
| Kenneth E. Barton III | David Brown* |
| Ga. State Bar No. 301171 | Gabriel Arkles* |
| M. Devlin Cooper | TRANSGENDER LEGAL DEFENSE |
| Ga. State Bar No. 142447 | EDUCATION FUND, INC. |
| COOPER, BARTON & COOPER | 520 8th Ave. Ste. 2204 |
| 170 College Street | New York, NY 10018 |
| Macon, GA 31201 | (646) 862-9396 tel. |
| (478) 841-9007 tel. | (646) 993-1686 fax |
| (478) 841-9002 fax | dbrown@transgenderlegal.org |
| keb@cooperbarton.com | garkles@transgenderlegal.org |
| mdc@cooperbarton.com | |
| | |
| Wesley Powell* | Kevin M. Barry* |
| Jill K. Grant* | QUINNIPIAC UNIVERSITY SCHOOL OF LAW |
| Catherine E. Fata* | LEGAL CLINIC |
| Amanda M. Payne* | 275 Mount Carmel Ave. |
| WILLKIE FARR & GALLAGHER LLP | Hamden, CT 06518 |
| 787 Seventh Avenue | (203) 582-3238 tel. |
| New York, NY 10019-6099 | (203) 582-3237 fax |
| (212) 728-8000 tel. | legalclinic@quinnipiac.edu |
| (212) 728-8111 fax | |
| wpowell@willkie.com | |
| jgrant@willkie.com | |
| cfata@willkie.com | |
| apayne@willkie.com | |

*Attorneys for Plaintiff*

*admitted pro hac vice

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S TRIAL BRIEF** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record, who are CM/ECF participants:

R. Read Gignilliat, Esq.
Sharon P. Morgan, Esq.
Patrick L. Lail, Esq.
Elarbee, Thompson, Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
gignilliat@elarbeethompson.com
morgan@elarbeethompson.com
lail@elarbeethompson.com
*Attorneys for Defendants*

This 1st day of September, 2022.

      /s/ Kenneth E. Barton III
      KENNETH E. BARTON III
      Georgia Bar No. 301171

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com