# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

|  |  |
|---|---|
| **ANNA LANGE,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | )   **Civil Action No. 5:19-CV-00392-MTT** |
|  | ) |
| **HOUSTON COUNTY, GEORGIA, and** | ) |
| **Sheriff CULLEN TALTON in his official** | ) |
| **capacity,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## JOINT PRETRIAL ORDER – JURY

The following constitutes a pretrial order entered in the above-styled case after conference with counsel for the parties:

1)      (a) The name, address, and telephone number of all attorneys who personally appeared at pretrial and who will conduct the trial are as follows:

**Plaintiff**:    Kenneth E. Barton III
Ga. State Bar No. 301171
M. Devlin Cooper
Ga. State Bar No. 142447
COOPER, BARTON & COOPER
170 College Street
Macon, GA 31201
(478) 841-9007 tel.
(478) 841-9002 fax
keb@cooperbarton.com
mdc@cooperbarton.com

David Brown*
TRANSGENDER LEGAL DEFENSE EDUCATION FUND, INC.
520 8th Ave. Ste. 2204
New York, NY 10018
(646) 862-9396 tel.

(646) 993-1686 fax
dbrown@transgenderlegal.org

Wesley R. Powell*
Jill K. Grant*
Catherine E. Fata*
Amanda M. Payne*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000 tel.
(212) 728-8111 fax
wpowell@willkie.com
jgrant@willkie.com
cfata@willkie.com
apayne@willkie.com

*Admitted pro hac vice

**Defendants**:   Sharon P. Morgan
R. Read Gignilliat
William D. Deveney
Patrick L. Lail
ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700 tel.
(404) 222-9718 fax
morgan@elarbeethompson.com
gignilliat@elarbeethompson.com
deveney@elarbeethompson.com
lail@elarbeethompson.com

(b) The name, address, and telephone number of all nonparty persons including attorneys who have a fixed or contingent financial interest in this case are as follows:  *Plaintiff*:

None; *Defendants*: None.

2)    (a) Companion cases pending in this and other federal or state courts are:  None.

(b) Possible derivative claims not now the subject of pending litigation:  None.

3)    The estimated time required for trial is 2 days.

2

4)      The parties agree that the Court has jurisdiction of the parties and the subject matter.  This trial pertains to Plaintiff's claim for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), which implicates the Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

5)      The jury will be qualified as to relationships with the following:

  (a) Sgt. Anna Lange

  (b) Dr. Rachel Bluebond-Langner

  (c) Dr. Elizabeth Soety

  (d) Houston County Sheriff's Office

  (e) Sheriff Cullen Talton

  (f) Houston County

  (g) Current or Former Members of the Houston County Board of Commissioners, including Tommy Stalnaker, H. Jay Walker III, Gail Robinson, Larry Thomson, and Tom McMichael

  (h) Kenneth Carter, Houston County Director of Personnel

  (i) Barry Holland, former Houston County Director of Administration

6)      Unless otherwise noted, the names of the parties as shown in the caption to this order are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

7)      The following is the plaintiff's brief and succinct outline of the case and contentions:

This is an employment discrimination case concerning an exclusion in a group health insurance plan that violates Title VII of the Civil Rights Act of 1964. Plaintiff Sgt. Anna Lange, a transgender woman and sworn deputy with the Houston County Sheriff's Office, brought this action against her employer, Defendant Sheriff Cullen Talton, and Defendant Houston County, Georgia (the "County"), as her employer's agent, challenging the exclusion of health insurance coverage for gender-confirming care in the County's employee health plan (the "Health Plan"). The Health Plan, which the Sheriff's Office has arranged for the County to provide to its employees, and in which Sgt. Lange participates, contains an exclusion for "[d]rugs for sex change surgery," and "[s]ervices and supplies for a sex change" (the "Exclusion"). Because of the Exclusion, Sgt. Lange was denied, and continues to be denied, coverage for medically necessary surgery, as well as routine tests and services.

In its June 2, 2022 Order on the parties' motions for summary judgment, this Court held that Sgt. Lange established as a matter of law that the Exclusion is facially discriminatory in violation of Title VII, and that the County is an "agent" for purposes of Title VII. *See* ECF No. 205 ("Order") at 12, 28. The only remaining issue with respect to Sgt. Lange's Title VII claim is appropriate relief. Order at 28. In light of the Court's Order, Sgt. Lange seeks an award of compensatory damages in an amount to be determined at trial by the jury. Additionally, Sgt. Lange seeks the following relief to be determined by the Court following trial: (1) reimbursement for out-of-pocket expenses; (2) injunctive relief, (3) attorney's fees, costs, and expenses, and (4) pre-judgment and post-judgment interest.

8)    The following is the defendant's brief and succinct outline of the case and contentions:

In September 2006, the Houston County Sheriff's Office ("Sheriff's Office"), of which Defendant Cullen Talton (in his official capacity) has been Sheriff at all times relevant to this case, hired Plaintiff as a Deputy Sheriff. At that time, and at all times thereafter, Defendant Houston County, Georgia ("Houston County") made its health insurance plan ("Health Plan") available to Sheriff's Office employees, including Plaintiff, through an inter-governmental arrangement between the two governmental entities. The Health Plan is self-funded, with third-party administrative services provided by Anthem Blue Cross/Blue Shield ("Anthem") during the relevant time.

In April 2017, Plaintiff informed the Sheriff's Office that she would be presenting as a female going forward and asked permission to follow the female dress policy. The Sheriff's Office agreed to her request.

In late 2018, Plaintiff began investigating coverage under the Health Plan for sex reassignment surgery. At that time, however, the Plan contained 68 medical exclusions, including the following:

….

54.    **Sex Change** Services and supplies for a sex change and/or the reversal of a sex change.

….

(Emphasis in original.) The Plan also contained 29 pharmacy exclusions, including the following:

….

25.    **Sex Change Drugs** Drugs for sex change surgery.

….

5

(Emphasis in original.)    (Those two exclusions are referred to collectively herein as the "Exclusion.") Pursuant to the Exclusion, Anthem informed Plaintiff that her request for coverage of sex reassignment surgery was denied.  Plaintiff subsequently requested the County to remove the Exclusion or, alternatively, to grant her an exemption that would allow her to access coverage for sex reassignment surgery.  The County denied Plaintiff's request and this lawsuit followed.

On June 2, 2022, the Court entered summary judgment for Plaintiff, finding as a matter of law that the Exclusion violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), which prohibits employers from discriminating against employees in the terms and conditions of their employment because of sex.  Therefore, the only remaining issue to be decided by the jury is whether Plaintiff is entitled to recover compensatory damages and, if so, in what amount.  (Defendants, of course, reserve their rights to appeal the Court's summary judgment order on liability.)  The other relief sought by Plaintiff under Title VII—injunctive relief; attorney's fees, costs, and expenses; pre-judgment and post-judgment interest—is to be decided by the Court.

9)      The issues for determination by the jury are as follows:

(a)      Whether Plaintiff is entitled to compensatory damages as a result of the denial of coverage under the Health Plan pursuant to the Exclusion in violation of Title VII.

(b)      The amount of compensatory damages, if any, to which Plaintiff is entitled as a result of the denial of coverage under the Health Plan pursuant to the Exclusion in violation of Title VII.

**NOTE**:  The remaining relief, including any injunctive relief, sought by Plaintiff under Title VII is to be decided by the Court, not the jury.

10)    If a tort action, specifications of negligence, including applicable code sections, are as follows:  N/A.

11)    If a contract action, the terms of the contract are as follows (or, the contract is attached as an Exhibit to this order):  N/A.

12)    The types of damages and the applicable measure of those damages are as follows:

(a)    Compensatory damages under 42 U.S.C. § 1981a in an amount to be determined by the jury, and subject to the limitations set forth in 42 U.S.C. § 1981a(b)(3)(C), which may include the emotional distress, mental anguish, humiliation, inconvenience, and loss of enjoyment of life endured by Plaintiff in the amount to be determined by the jury.

(b)    Reimbursement for approximately $10,000 in out-of-pocket expenses Plaintiff incurred as a result of Defendants' unlawful Exclusion, which is an issue to be decided by the Court.

(c)    Attorneys' fees and expenses in  an amount to be determined by the Court upon post-trial motion.

(d)    Pre-judgment interest on Sgt. Lange's out of pocket expenses in an amount to be determined by the Court after trial.

(e)    Post-judgment interest on any damages award in an amount to be determined by the Court after trial.

13)    All material undisputed facts established by the pleadings, depositions, or admissions of the parties are attached as Attachment A, and are signed by counsel, and will be read to the jury at the beginning of trial.

14)   Pursuant to the Court's usual practice, pleadings will not be submitted to the jury.

15)   The following are lists of witnesses the:

(a)   Plaintiff <u>will</u> have present at trial:  <u>Plaintiff Anna Lange; Dr. Rachel Bluebond-Langner</u>

(b)   Plaintiff <u>may</u> have present at trial:  <u>Dr. Elizabeth Soety.</u>

(c)   Defendant <u>will</u> have present at trial:  <u>Plaintiff Anna Lange.</u>

(d)   Defendant <u>may</u> have present at trial:  <u>Dr. Elizabeth Soety; Jon Holland</u>

16)   The parties' respective exhibit lists are attached as Attachment B (Plaintiff's Exhibits), Attachment C (Defendants' Exhibits), and Attachment D (Joint Exhibits).

17)   The following depositions may be used at trial in lieu of testimony:

(a)   by Plaintiff:  <u>N/A</u>

(b)   by Defendant:  <u>N/A</u>

18)   The parties' proposed voir dire questions (limited to 20), requested jury charges, and verdict form are attached as Attachment E (Voir Dire Questions), Attachment F (Jury Charges), and Attachment G (Verdict Form).

19)   The possibilities of settling the case are:  The parties are willing to discuss a reasonable settlement of all claims between now and trial.

20)   A jury of twelve will be selected and all jurors shall participate in the verdict unless excused from service by the Court.

21)   Other matters:  Plaintiff seeks entry of a permanent injunction at the conclusion of trial, enjoining Defendants' further enforcement of the Exclusion (including ordering

Defendants to provide any direction to Anthem necessary to ensure that this change is effectively implemented). *See* ECF 140-1 at 38-39. Defendants note that the Court did not grant injunctive relief in its summary judgment order (Doc. 205 at 33, noting that "the issue of appropriate relief" remains). Accordingly, Defendants contend Plaintiff must move separately for or otherwise request permanent injunctive relief at trial, to which Defendants will respond at that time. The parties would like to discuss with the Court at the Pretrial Conference its preferred procedure to address permanent injunctive relief.

Submitted by:

/s/ Kenneth E. Barton III
Kenneth E. Barton III
Ga. State Bar No. 301171
M. Devlin Cooper
Ga. State Bar No. 142447
COOPER, BARTON & COOPER
170 College Street
Macon, GA 31201
(478) 841-9007 tel.
(478) 841-9002 fax
keb@cooperbarton.com
mdc@cooperbarton.com

David Brown*
Gabriel Arkles*
TRANSGENDER LEGAL DEFENSE EDUCATION FUND, INC.
520 8th Ave. Ste. 2204
New York, NY 10018
(646) 862-9396 tel.
(646) 993-1686 fax
dbrown@transgenderlegal.org
garkles@transgenderlegal.org

Wesley R. Powell*
Jill K. Grant*
Catherine E. Fata*
Amanda M. Payne*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099

9

(212) 728-8000 tel.
(212) 728-8111 fax
wpowell@willkie.com
jgrant@willkie.com
cfata@willkie.com
apayne@willkie.com

*admitted pro hac vice*


**ATTORNEYS FOR PLAINTIFF**

/s/ Patrick L. Lail w/e/p by KEB
R. Read Gignilliat
Georgia Bar No. 293390
Sharon P. Morgan
Georgia Bar No. 522955
William D. Deveney
Georgia Bar No. 219744
Patrick L. Lail
Georgia Bar No. 431101
ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
gignilliat@elarbeethompson.com
morgan@elarbeethompson.com
deveney@elarbeethompson.com
lail@elarbeethompson.com


**ATTORNEYS FOR DEFENDANTS**

10

It is hereby ORDERED that the foregoing, including the attachments thereto, constitute the pretrial order in the above case, except as modified at the pretrial conference and by subsequent developments, and supersede the pleadings which may not be further amended except by order of the Court to prevent manifest injustice.

**SO ORDERED,** this 19th day of October, 2022.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT