### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| ANNA LANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:19-CV-00392-MTT |
| v. ) | |
| ) | |
| HOUSTON COUNTY, GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S SUPPLEMENTAL BRIEF

Plaintiff respectfully submits this supplemental brief in response to this Court's Order, dated January 9, 2023, requesting supplemental briefing "to address what effect, if any," the Eleventh Circuit's recent decision in *Adams by & through Kasper v. Sch. Bd. of St. Johns Cnty.*, No. 18-13592, 2022 WL 18003879 (11th Cir. Dec. 30, 2022), "has on the defendants' motion to stay injunctive relief pending appeal." (Dkt. 286).

In order to succeed on a motion to stay injunctive relief pending appeal, the moving party must demonstrate that it meets a four-factor test. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). The *Adams* opinion does not impact the pending motion because (i) it does not change the analysis of the substantive merits of the case, which is the first and most important factor of the test, and (ii) it does not alter the balance of the equities, which comprise the remaining three prongs of the test, and which weigh more heavily in Sgt. Lange's favor with each passing day that she cannot access medically-necessary healthcare as a result of the Defendants' unlawful Exclusion (as defined in the Summary Judgment Order).

## I.  *Adams* does not alter the substantive merits of the appeal.

Defendants' motion to stay relates only to this Court's grant of summary judgment under Title VII, *see* Dkt. 205 at 20-21, which is the subject of their current appeal.  *Adams* does not alter the substantive merits of Defendants' case on appeal because *Adams* is not a Title VII case and it does not decide any substantive question of law relevant to Title VII.  In fact, the *Adams* court repeatedly noted that Title VII precedents, including *Bostock v. Clayton County Georgia*, 140 S. Ct. 1731 (2020), did not apply.

Instead, *Adams* was decided under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  Slip Op. at 3.  As to the former, *Adams* distinguished *Bostock*, observing, "Title IX, unlike Title VII, includes express statutory and regulatory carve-outs for differentiating between the sexes when it comes to separate living and bathroom facilities, among others."  Slip Op. at 36 (citing 28 U.S.C § 1686 and 34 C.F.R. § 106.33).  *Adams* holds that classifying students' bathroom use by "biological sex" is permissible under Title IX, specifically because it is in compliance with Title IX's statutory bathroom carve-out.  *Id*. at 44.  Title VII, in contrast, has no such carve-outs.  *See* 42 U.S.C. 2000e-2(a)(1).  *Adams*' Title IX analysis therefore has no bearing on the present case.

The Court of Appeals' Equal Protection analysis in *Adams* likewise provides no guidance for a Title VII appeal like this one.  In *Adams*, the Court analyzed whether a school district's policy of classification on the basis of "biological sex" is substantially related to an important government interest.  *See* Slip Op. at 18.  The Court again distinguished *Bostock*, stating that that "[w]hile *Bostock* held that 'discrimination based on . . . transgender status necessarily entails discrimination based on sex,'" 140 S. Ct. at 1747, that statement was not in question in *Adams* "because the

relevant classification was 'biological sex.'" Slip Op. at 30. The *Adams* court thus found that "*Bostock* does not resolve the [Equal Protection] issue before us." *Id*. In contrast, here, under Title VII, the fact of sex discrimination is dispositive; whether an employer's motive serves an important government interest is no defense. *Glenn v. Brumby*, 663 F.3d 1312, 1321 (11th Cir. 2011); *see also Bostock*, 140 S. Ct. at 1742 ("Title VII doesn't care" what "other factors may contribute to the decision.").

Because the Court of Appeals did not apply *Bostock* or other Title VII cases in *Adams*, it did not undo controlling Title VII precedent. It remains true that, under Title VII, discrimination on the basis of transgender status is unlawful sex discrimination, *Bostock*, 140 S. Ct. at 1753, *Glenn*, 663 F.3d at 1321; and that providing lesser benefits on the basis of sex is also unlawful. *City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 707-08 (1978), *Arizona Governing Comm. for Tax Deferred Annuity & Deferred Comp. Plans v. Norris*, 463 U.S. 1073, 1081-82 (1983); *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 682 (1983). This Court was correct that under this long-standing precedent, "[d]efendants cannot find a *Bostock* workaround." Dkt. 205 at 28. The *Adams* decision does not change the analysis.

If there were any doubt, since this Court's decision, three more federal district courts have held that transgender health exclusions violate federal statutory prohibitions on sex discrimination, including Title VII, under *Bostock*. *See Kadel v. Folwell*, 1:19CV272, 2022 WL 3226731, at *28-29 (M.D.N.C. Aug. 10, 2022) ("a straightforward application of [*Bostock*'s] but-for test supports that [Plaintiff] Caraway's birth-assigned sex was a but-for cause of her injury. . . . If she was not assigned the sex of male of birth, then [her medical] treatments would not 'change' or 'modify' her sex, and they would not fall within the exclusion. . . . Thus, Caraway will be granted summary

3

judgment on her Title VII claim. . . .");[1] *Fain v. Crouch*, 2022 WL 3051015, at *11-12 (S.D. W. Va. August 2, 2022) ("[T]he test announced in *Bostock* is the appropriate test to determine whether a policy discriminates in violation of the A[ffordable] C[are] A[act ("ACA")]. . . . The exclusion precludes individuals who are seeking surgical treatment of gender dysphoria from coverage. . . . [T]his exclusion, cannot be understood without a reference to sex. . . .Plaintiffs are subjected to discrimination on the basis of sex . . . [and] Defendants have violated ACA section 1557.") (citing *Bostock*, 140 S. Ct. at 1746); *C. P. v. Blue Cross Blue Shield of Ill.*, 3:20-CV-06145-RJB, 2022 WL 17092846, at *6 (W.D. Wash. Dec. 19, 2022) ("[C]onsistent with the Supreme Court's determination in *Bostock* . . . the administration of the Exclusion based on transgender status was discrimination 'on the basis sex' contrary to Section 1557 [of the ACA]."). This brings to seven the number of district courts that have unanimously concluded at the final merits stage—both pre- and post-*Bostock*—that transgender health exclusions violate federal statutes prohibiting sex discrimination.[2] Furthermore, in *Kadel*—the only of these cases in which the defendants sought a stay pending appeal—both the district court and the Court of Appeals denied the request. *Kadel*, No. 22-1721, Doc. 80 (4th Cir., Jan. 5, 2023); No. 1:19CV272, Dkt. 268 (M.D.N.C. Oct. 19, 2022).

---

[1] The *Kadel* court subsequently issued another summary judgment opinion additionally holding the challenged exclusion unlawful sex discrimination under Section 1557 of the Affordable Care Act. *Kadel v. Folwell*, 1:19CV272, 2022 WL 17415050, at *2 (M.D.N.C. Dec. 5, 2022).

[2] The remaining three, in addition to this Court, are *Fletcher v. Alaska*, 443 F. Supp. 3d 1024, 1030 (D. Alaska 2020) ("If plaintiff's natal sex were female and it was medically necessary for her to have a vaginoplasty . . . , coverage would have been available. . . . But, because plaintiff's natal sex is male and she was seeking to transition to a female, coverage was not available. . . That is discrimination because of sex [under Title VII] and makes defendant's formal policy . . . facially discriminatory."); *Flack v. Wis. Dept. of Health Servs.*, 395 F. Supp. 3d 1001, 1015, 1020-22 (W.D. Wis. 2019); and *Boyden v. Conlin*, 341 F. Supp. 3d 979, 995 (W.D. Wis. 2018) ("[A] natal female born without a vagina qualifies for coverage of vaginoplasty, but not the plaintiffs here because their natal sex is male. As such, this is a 'straightforward case of sex discrimination' [under Title VII]") (citation omitted).

Defendants seemingly agree that *Adams* is not relevant to the merits of their case. They do not rely on it for any substantive point of law in their appellate brief, which was filed two weeks after the ruling in *Adams* and four days after this Court requested additional briefing on it. The case is mentioned only once, at the very end of a two-page footnote, in a "see also" citation. *Lange*, 11th Cir. No. 22-13626 Doc 28, at page 44 n. 18. This demonstrates Defendants' concession as to the irrelevance of *Adams* to the present case.

## II.     *Adams* does not alter the balance of the equities.

*Adams* also does nothing to alter the remaining three prongs of the stay analysis—the balance of the equities. *See Garcia-Mir,* 781 F.2d at 1453. Despite the entry of an injunction and a jury award of $60,000 in damages for her suffering, Sgt. Lange has remained unable to obtain the surgical care that she needs. That amounts to nearly another half a year of unnecessary and unlawful suffering. Sgt. Lange's irreparable injury continues to compound with each day she is unable to obtain medically necessary healthcare. Defendants have also continued to litigate this case at a cost to the public that exceeds, on a monthly basis, the estimated cost of covering Sgt. Lange's surgery. Thus, the balance of the equities tips further in Sgt. Lange's favor every day the Court's injunction is stayed.

## III.    Conclusion

Because *Adams* alters neither the merits analysis nor the balance of the equities, it has no effect on Defendants' motion to stay injunctive relief pending appeal.

Respectfully submitted this 23rd day of January, 2023.

 /s/ Kenneth E. Barton III

Kenneth E. Barton III
Ga. State Bar No. 301171
M. Devlin Cooper
Ga. State Bar No. 142447
COOPER, BARTON & COOPER
170 College Street
Macon, GA 31201
(478) 841-9007 tel.
(478) 841-9002 fax
keb@cooperbarton.com
mdc@cooperbarton.com

Wesley Powell*
Jill K. Grant*
Catherine E. Fata*
Amanda M. Payne*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000 tel.
(212) 728-8111 fax
wpowell@willkie.com
jgrant@willkie.com
cfata@willkie.com
apayne@willkie.com

David Brown*
Gabriel Arkles*
TRANSGENDER LEGAL DEFENSE
EDUCATION FUND, INC.
520 8th Ave. Ste. 2204
New York, NY 10018
(646) 862-9396 tel.
(646) 993-1686 fax
dbrown@transgenderlegal.org
garkles@transgenderlegal.org

*Attorneys for Plaintiff*

*admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEF** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record, who are CM/ECF participants:

R. Read Gignilliat, Esq.
Sharon P. Morgan, Esq.
Patrick L. Lail, Esq.
William D. Deveney
Elarbee, Thompson, Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
gignilliat@elarbeethompson.com
morgan@elarbeethompson.com
lail@elarbeethompson.com
deveney@elarbeethompson.com
*Attorneys for Defendants*

This 23rd day of January, 2023

                                       */s/ Kenneth E. Barton III*
                                       KENNETH E. BARTON III
                                       Georgia Bar No. 301171

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com